WILFORD E. GRINDLE *vs.* HENRY N. STONE.

Hancock. Opinion March 16, 1886.

*Corporations. Liabilities of stockholders. Evidence. Name. R. S., c. 46, §§ 45, 46, 47.*

In an action by a judgment creditor of a corporation against a stockholder who has not fully paid for his stock, the plaintiff must bring the case within the provisions of R. S., c. 46, §§ 46, 47, by showing: (1) That he has a lawful and *bona fide* judgment against the corporation "based upon a claim in tort or contract, or for any penalty" recovered within two years next prior to the commencement of this action; (2) that the defendant subscribed for or agreed to take stock in the corporation and has not paid for the same as payment is defined in § 45; (3) that the cause of action against the corporation accrued during the defendant's ownership of such unpaid stock; (4) that the proceedings to obtain the judgment against the corporation were commenced during the defendant's ownership of such unpaid stock, or within one year after its transfer was recorded on the corporation books.

The certificate of organization of a corporation showing that one shareholder took thirteen thousand three hundred and thirty-two and one-third shares of the capital stock of the par value of five dollars, that one hundred thousand shares issued in all and the amount paid in by the stockholders was one thousand dollars in money and ten thousand dollars in land, is *prima facie* proof that such shareholder had not paid in full for his stock, in the absence of any evidence to the contrary.

The fact that a judgment creditor of a corporation took out execution and made seizure and sale thereon of the personal property of the corporation in part satisfaction thereof, does not prejudice his case in an action to collect the balance of his judgment against a shareholder who has not paid for his stock.

In an action on a judgment debt of a corporation against Henry N. Stone of Boston, a shareholder therein, the certificate of organization was signed by Henry N. Stone of Boston. *Held*, that the defendant is the same person who signed the certificate of organization is *prima facie* shown by the identity of name, in the absence of any evidence of another person of that name in Boston.

ON EXCEPTIONS.

The case and essential facts are stated in the opinion. At the trial the presiding justice directed a nonsuit to be entered and the exceptions were to that ruling.

*H. A. Tripp*, for the plaintiff.

*Hale and Hamlin*, for the defendant, contended that R. S., c. 46, § § 37–40, do not impose any individual liability upon stockholders in corporations created after 1836, for debts contracted after June 1, 1857, greater than a seizure and sale of their stock. The plaintiff's remedy if any for unpaid capital is by bill in equity.

There was no valid judgment recovered against the corporation because the return on the original writ shows that thirty days' notice was not given. Abbott's Trial Ev. 768.

There was no evidence that the execution against the corporation had not been paid. The officer's return showed that he "applied $40.05 in part satisfaction;" the plaintiff should show that the balance had not been paid.

There was no proof that the defendant was a stockholder at the time the debt was contracted. The mere dates in the accounts annexed to the writ against the company, cannot be evidence in this suit of the dates when they were contracted.

The plaintiff fails to prove that the defendant had not paid for his stock. The only evidence was the certificate of organization and the defendant may have paid into the company much more than the par value of his stock after that.

In suits of this kind all the statute requirements must be strictly complied with. Morawetz, Corporations, § § 616, 618, *et seq*.

VIRGIN, J. The plaintiff having, in April, 1883, recovered judgment, on an account annexed, for eight hundred dollars and eighty-six cents, debt and seventeen dollars and eighty-seven cents costs against the Granger Copper Mining Company, and satisfied in part his execution by a levy upon the personal property of the company, seeks by this action a judgment for the

balance thereof against the defendant to whom, it is alleged, the company issued thirteen thousand three hundred thirty-two and one-third shares of its stock which he has not paid for in accordance with R. S., c. 46, § 45.

The action being founded on R. S., c. 46, § § 46 and 47, the plaintiff must by evidence bring his case within those provisions by showing :

1. That he has a lawful and *bona fide* judgment against the corporation " based upon. a claim in tort or contract, or for any penalty," recovered within two years next prior to the commencement of this action ;

2. That the defendant subscribed for or agreed to take stock in the corporation and has not paid for the same as payment is defined in § 45.

3. That the cause of action upon which his judgment against the corporation was founded, was contracted during the defendant's ownership of such unpaid stock ; and

4. That his proceedings to obtain his judgment against the corporation were commenced during the defendant's ownership of such unpaid stock, or within one year after its transfer was recorded on the corporation books.

With proof of such facts the action may be maintained " without demand or other previous formalities," § 47.

What is the proof ?

1. Copies of the writ and record show a judgment in favor of the plaintiff against the corporation recorded at the April term, 1883, on an account annexed ; and this action commenced by writ dated July 30, 1883.

2. The certificate of organization shows that the defendant took thirteen thousand three hundred thirty-two and one-third shares of the capital stock each of the par value of five dollars ; and that of the whole one hundred thousand shares issued, the stockholders paid in one thousand dollars cash and ten thousand dollars in land — leaving the remainder unpaid for. This makes a *prima facie* case of unpaid stock in the absence of any evidence to the contrary. 2 Whart. Ev. § 1284. If the defendant had paid for his, he could have shown it as a defence, and it would have been a full defence, § 48.

3. The account annexed upon which the judgment against the corporation was based, as shown by copy of the writ in that action, accrued between December 9, 1880, and November 14, 1881, or during the defendant's ownership of unpaid stock ; and

4. Copies of the writ and record show that the proceedings to obtain the plaintiff's judgment against the corporation, were commenced during the defendant's ownership of such unpaid stock, his ownership shown by the certificate of organization, being presumed to continue until the contrary is shown.

All that is required by the plaintiff to lay the foundation for this action, is a seasonable recovery of the kind of judgment mentioned in § 46. It was not necessary for him to take out an execution on that judgment and take any action thereon as in case of a debt created before 1871. And the fact that he did so and caused a seizure and sale thereon of the personal property of the corporation in part satisfaction thereof, cannot prejudice the plaintiff. That was for the benefit of the defendant. The officer returned the execution satisfied in part, viz : for forty dollars and five cents. If anything more has been paid thereon, the defendant being, as the certificate of organization shows, president of the corporation, will be able to show it at the next trial.

That the defendant is the same Henry N. Stone who signed the certificate of organization, is *prima facie* shown by the identity of the name, in the absence of any evidence of another person of that name in Boston where he is alleged to reside. 3 Phil. Ev. (Cow. Ed.) 1301–2. Laws, Pres. Ev. 248.

*Exceptions sustained.*

Peters, C. J., Danforth, Foster and Haskell, JJ., concurred.

Emery, J., having been of counsel did not sit.