SPIEGEL v. EMPIRE LIFE INS. CO.

(Supreme Court, Appellate Term. November 29, 1905.)

INSURANCE—BREACH OF WARRANTY—ADMISSIBILITY OF EVIDENCE.

Where, in an action on a life policy, the sole defense was the untrue statement by assured by way of warranty that no proposal to insure his life had been declined, it was error to exclude an application to another company' for insurance, subscribed in the name of the insured, though there was no evidence of the identity of the subscriber with the insured, identity of names being presumptively evidence of the identity of persons, and though the defense would not have been established without proof of failure to receive a policy on the application.

Appeal from City Court of New York.

Action by Lena Spiegel, as executrix, against the Empire Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN, JJ.

Blandy, Mooney & Shipman, for appellant.
Samuel Schlosinger, for respondent.

MacLEAN, J.    The sole defense sought to be proven against re-
covery on a policy of insurance on the life of Emanuel Spiegel, de-
ceased, was the untruth of statements made by the assured by way
of warranty that no proposal to insure his life had been declined,
and that he had not applied for insurance without receiving a
policy.  An application of prior date to the Equitable Life Assurance
Society for insurance, subscribed with the name Emanuel Spiegel,
was offered by the defendant and excluded for lack of identification
of the subscriber with the assured.  This must be held error, so long
as the courts of higher resort leave unchanged the rule.  Identity of
names is presumptive evidence of identity of persons (Jackson v.
Goes, 13 Johns. 518, 523, 7 Am. Dec. 399; Jackson v. Cody, 9 Cow.
140, 150; Hatcher v. Rocheleau, 18 N. Y. 86, 92, 96; Spotten v.
Keeler, 22 Abb. N. C. 105, 110), a rule laid down long before change
of name had become little more than a formality.  For the exclusion
of the paper, the judgment must be reversed, albeit the paper ruled
out would not have established the defense, without proof of failure
to receive a policy or that the Equitable Society had declined the pro-
posal.  It is not possible here to betoken what evidence would have
been offered, had the paper necessarily preliminary in proof been
received.

Judgment reversed, and new trial ordered, with costs to abide
the event.

SCOTT, P. J.  I concur.  In my opinion, apart from the mere
identity of name, there was sufficient evidence to take to the jury
the question whether the deceased had made a previous application.