[Civil No. 4158. Filed April 8, 1940.]

[101 Pac. (2d) 205.]

FIRST NATIONAL BENEFIT SOCIETY, a Corporation, Appellant, v. LUCY NEWCOMER FISKE, Appellee.

Mr. Robert R. Weaver, for Appellant.

Messrs. Ellinwood & Ross, Mr. Joseph S. Jenckes, Jr., and Mr. Everett M. Ross, for Appellee.

LOCKWOOD, J.—Lucy Newcomer Fiske, hereinafter called plaintiff, brought suit against First National Benefit Society, a corporation, hereinafter called defendant, to recover upon three policies of insurance issued by defendant upon the life of Charles Edgar Fiske, the husband of plaintiff, hereinafter called the insured. The case was tried to the court sitting with a jury, and a verdict was returned in favor of plaintiff for the full amount sued for, whereupon this appeal was taken.

There are a number of assignments of error which we shall discuss in the manner and to the extent which seems necessary. Defendant admits the issuance of the policies, but claims they were voidable at its option because the insured in his application falsely and fraudulently concealed from defendant certain material facts, and the case was tried primarily upon this issue.

The evidence shows without dispute that on March 18, 1936, insured made written applications to defendant for three insurance policies. In these applications there are a number of questions and answers, among them being the following:

"Do you carry Life Insurance? Yes.
"Were you ever rejected? Yes.
"If so, cause: Slight heart murmur.
"By what Company? Sun Life Canada."
" . . . I warrant answers to the above questions and the statements contained herein are true and correct and I do hereby agree that any false statement, misrepresentation or concealment of any material fact in this application shall limit the amount payable here-

under to the total amount paid by the Insured on this certificate, and no more. Suicide is not a risk assumed by this Society.''

At the trial defendant attempted to show that the insured had previously made application to the Postal Life Insurance Co. of New York for insurance, which application had been rejected, and that in his application to the Sun Life Insurance Co. he had made statements contradicting on material matters some of the statements which he had made in his application to defendant. This attempted proof was by means of the depositions of certain officers of the two companies mentioned taken, respectively, in Montreal and New York, their home offices. Objection was made to the deposition from Montreal on the ground that it was secondary evidence; that the original application of the insured was the best evidence, and it was not shown whether it was out of the jurisdiction of the court, or that if it were, an attempt had been made to induce its custodian to let it be brought into the jurisdiction. The court sustained the objection.

Objection was made to the deposition of John A. Wilson, the medical director of the Postal Life, on two grounds: First, that it was immaterial whether the insured had been rejected by the Postal Life because his answer in his application that he had been rejected by the Sun Life was sufficient, without the necessity of his mentioning any rejection by other companies; and second, that a sufficient showing was not made that the application to the Postal Life, which was rejected, was made by the insured in the present action. The court also sustained the objection to this deposition.

The court also gave the following instructions to the jury:

"You are instructed that false statements or misrepresentations of facts in an application for insurance will not render the policy voidable unless such facts are material to the risk assumed by the insurer and unless the insurer relied upon said facts in accepting the risk. In order for such facts to be material to the risk they must be such that if known to the insurer would have induced it not to have issued the policy."

It will be seen therefrom that the court told the jury that no false statement nor misrepresentation of facts in an application for insurance would render a policy voidable unless (a) such facts were material to the risk assumed by the insurer, (b) unless the insurer relied upon those facts in accepting the risk, and (c) that in order for facts to be material they must be such that if known to the insurer it would not have issued the policy. We think this is an erroneous statement of the law. The court required the jury to determine (a) whether the facts concealed were such that if the insurer had known them it would not have issued the policy, and (b) that it relied upon the statement by insured in regard to these facts in accepting the risk. We have discussed the question of misrepresentations in insurance policies in the cases of *Greber* v. *Equitable Life Assur. Soc.*, 43 Ariz. 1, 28 Pac. (2d) 817, and *Illinois Bankers' Assn.* v. *Theodore,* 44 Ariz. 160, 34 Pac. (2d) 423, and Id., 47 Ariz. 314, 55 Pac. (2d) 806. In the first case we said [43 Ariz. 1, 28 Pac. (2d) 818]:

" . . . Where an application with its answers becomes a part of a policy, as it did in this case, *a statement therein by the applicant that he has never been denied insurance is as a matter of law material and, if false, avoids the policy at the option of the insurer.* This rule is accepted by practically all the courts and in our view rests upon a sound basis because disclosure of the fact that one applying for a policy has

been rejected by another company immediately suggests that he is probably not a good risk and undoubtedly leads to a more careful and thorough examination than would be true in the case of one whose application had not been rejected. It not only informs the company whether other insurers have regarded him as unsafe, and places it, so to speak, upon inquiry, but may advise it as to any anxiety for insurance the applicant might have. . . . '' (Italics ours.)

Nowhere in the case cited, nor in any other, have we indicated that it is necessary where the defense of false representation is interposed by an insurer that it be shown affirmatively by it that it would have rejected the application if it had known the falsity of the representation. The purpose of asking the question is so that the company to which an application for insurance is made may examine the applicant and his record with knowledge of all the facts before it. It may or may not, after such examination and with full knowledge of previous rejections, determine to accept the applicant, and it would be placing an unfair and, indeed, impossible burden upon an insurer to make its right to declare the policy voidable for failure to disclose previous rejections for insurance dependent upon the opinion of a jury as to whether with such knowledge it would or would not have accepted the current application. We hold, therefore, that when an insurance company has asked of an applicant whether he has previously been rejected for insurance, a false answer is sufficient to authorize the company to declare the policy void without the necessity of proving whether it would have rejected the application if it had knowledge of that fact.

██ Nor are we impressed by the argument of counsel that when the questions in an application are worded in the singular, an answer by the insured giving the name and facts in regard to a rejection by one

insurance company is sufficient when as a matter of fact he has been rejected by two or more. The case of *Robinson* v. *Supreme Commandery*, 38 Misc. 97, 77 N. Y. Supp. 111, does not involve a concealment of a rejection, but a concealment of an acceptance. It will readily be seen that the fact an applicant for insurance has been accepted by nineteen companies is not calculated to make the twentieth company scrutinize the application more carefully, but rather otherwise, while the fact he has been rejected by nineteen companies would certainly be a factor lessening the likelihood of his acceptance by the twentieth in the highest degree. We think the principle to be followed is well stated in *Franklin Life Ins. Co.* v. *Dossett*, (Tex. Civ. App.) 265 S. W. 259, 262, in the following language:

"In order to estop the insurance company from avoiding the policies by reason of its knowledge of the falsity and misrepresentation of the statements made by the applicant, it is not sufficient that it had knowledge of the falsity of some of said facts. Where a party makes a statement that apparently embraces all of the facts and thereby prevents a further investigation, he cannot claim that the company is estopped to plead the incompleteness of his answers."

See, also, *Missouri State Life Ins. Co.* v. *Dossett*, (Tex. Civ. App.) 265 S. W. 254.

█ Is there any evidence that the insured in the present case did make a false statement in regard to his rejection by other life insurance companies? He admitted that he had been rejected by the Sun Life, but made no reference in his application to the Postal Life of New York. To show a rejection by this last company, defendant offered a deposition of its medical director to the effect that his company had rejected an application signed by one Charles E. Fiske, who gave his residence as San Diego, California. The only objections made were that it was immaterial for the rea-

son that a failure to disclose an application to the Postal Life after the disclosure of the rejection by the Sun Life' would not authorize defendant to declare the policy void, and that there was no showing that the Charles E. Fiske who signed the application to the Postal Life was the same Charles E. Fiske who was the insured in the certificates sued on in the present case. We have already indicated the first objection was not well taken, and consider the second one.

■ It is urged by plaintiff that when one attempts to bind another by a written instrument it is incumbent upon the person offering the instrument to prove affirmatively that it was executed by or under the direction of the person he seeks to bind. This is undoubtedly true as a general principle of law.

■ It is contended by defendant that identity of names raises the presumption of identity of persons, and this presumption obtains until it is repudiated by some evidence. This is also a correct statement of the general rule.

The only case cited to us by either party which is strictly in point upon the question of whether the deposition offered would have raised an issue for the jury is that of *Spiegel* v. *Empire Life Ins. Co.*, (Sup.) 96 N. Y. Supp. 201, 202. The statement of the court is brief and we quote it in full:

"The sole defense sought to be proven against recovery on a policy of insurance on the life of Emanuel Spiegel, deceased, was the untruth of statements made by the assured by way of warranty that no proposal to insure his life had been declined, and that he had not applied for insurance without receiving a policy. An application of prior date to the Equitable Life Assurance Society for insurance, subscribed with the name Emanuel Spiegel, was offered by the defendant and excluded for lack of identification of the subscriber with the assured. This must be held error, so long as the courts of higher resort leave unchanged the rule.

Identity of names is presumptive evidence of identity of persons [citing cases], a rule laid down long before change of name had become little more than a formality. For the exclusion of the paper, the judgment must be reversed, albeit the paper ruled out would not have established the defense, without proof of failure to receive a policy or that the Equitable Society had declined the proposal. It is not possible here to betoken what evidence would have been offered, had the paper necessarily preliminary in proof been received."

The same principle has been applied in the case of *Grindle* v. *Stone*, 78 Me. 176, 3 Atl. 183, 185. In that case it was attempted to hold a party liable for a debt, and one of the necessary elements of proof was that he was the identical person who, by the same name, signed a certificate of incorporation of a corporation. The court said:

"That the defendant is the same Henry N. Stone who signed the certificate of organization, is *prima facie* shown by the identity of the name, in the absence of any evidence of another person of that name in Boston where he is alleged to reside. 3 Phil. Ev. (Cow. Ed.) 1301, 1302; Laws, [Pres.] Ev. 248."

■ It is also stated in Abbott's Trial Evidence, 398, that the identity of parties to negotiable paper is presumed from identity of name, unless the name is too common to raise a presumption of identity. This presumption is, of course, a rebuttable one, and if evidence is offered tending to show that there were several persons of the same name and residence, or answering the description given in the application for insurance to the Postal Life, it is sufficient to shift the burden to the party offering evidence of that application to give some other proof of identity. In the present case the application to the Postal Life was signed by Charles E. Fiske, who gave his residence as San Diego, California. The insured Charles E. Fiske

resided in San Diego at that time. The name Charles E. Fiske is not so common a one that we can say in a city the size of San Diego the rule does not apply, in the absence of some evidence at least tending to cast doubt upon the identity. The court, therefore, erred in rejecting the deposition of John A. Wilson in regard to the application made to the Postal Life of New York. This error, when combined with the erroneous instruction above quoted, makes it necessary that the case be sent back for a new trial.

There are a number of other questions raised on the appeal, but we think it unnecessary to discuss them as presumably the same situation will not arise at a second trial, in view of what we have said.

The judgment is reversed and the case remanded with instructions to grant a new trial.

ROSS, C. J., and McALISTER, J., concur.