428 P.2d 127

**The STATE of Arizona, Appellee,**
**v.**
**Albert Andrew MENDIBLES, Appellant.**
**No. 2 CA—CR 59.**
Court of Appeals of Arizona.
May 31, 1967.
Rehearing Denied July 6, 1967.
Review Denied Sept. 26, 1967.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., Tucson, for appellee.

Maurice M. Stern, Tucson, for appellant.

KRUCKER, Judge.

Albert Andrew Mendibles, hereinafter referred to as defendant, was tried and convicted by a jury on March 18, 1966, in the Superior Court of Pima County, Arizona, of the crime of joyriding, with a prior conviction, in violation of A.R.S. § 13–672, subsec. B. Defendant did not testify nor offer any evidence and, at the conclusion of the State's case, moved for a directed verdict of acquittal on the grounds that the evidence was mostly circumstantial and would not sustain a conviction.

█ It is incumbent upon this Court to examine the evidence in the light most favorable to sustain the conviction. State v. Jackson, 101 Ariz. 399, 420 P.2d 270 (1966).

The facts, briefly stated, are as follows: A Tucson Gas and Electric Company truck was discovered to be missing when its driver returned, after making a service call in the early morning of January 1, 1966, to where the truck had been left. At about 3:34 the same morning, the truck was involved in an accident with another auto driven by Carlos Jimenez of Lordsburg, New Mexico, and his fiancee (now Mrs. Jimenez). Mr. Jimenez testified that immediately after the collision, which had occurred at the 100 block of West Michigan Avenue, Tucson, a man appeared at the window of the Jimenez car who asked "Is anybody hurt?" Mr. Jimenez testified that he did not get a look at the man's face before he turned and ran away; he estimated that the man was about five and a half feet in height, with dark hair. He could not identify the defendant, Mendibles, as the man he had seen.

Anita Maldanado Jimenez, the other passenger at the time in question, testified that the man who appeared at the window after the collision was young, about five feet, four inches in height, of Mexican descent, and "real dark" of complexion. At the trial she was not certain that the defendant was the one she had seen.

The Tucson police, after Miss Maldanado had described the man who had appeared after the collision, showed her photographs of five individuals; from them she selected that of the defendant as being most similar to the face she saw at the window.

The most damaging piece of evidence adduced at the trial was a wallet bearing the name of Albert Andrew Mendibles. It had been found in the Tucson Gas and Electric Company truck by the driver, upon reporting for work on January 3, 1966. The truck had been impounded by the Tucson police immediately after the accident for the purpose of searching for fingerprints. None were found, and after this search the truck was taken to the yard where the company keeps its trucks. The truck itself was not locked, although the yard is fenced, and presumably was locked at night, as admitted by counsel on oral argument. The wallet had not been found by the police, but was discovered by the driver on top of his tools.

█ The defendant argues that there was insufficient evidence to convict, because the evidence, which was largely circumstantial, "was susceptible of a multitude of inferences, equally as reasonable as the one drawn by the trier of fact." Whether the weighing of reasonable inferences is for the jury, (Allen v. State, 26 Ariz. 317, 225 P. 332 (1924); State v. Holliday, 92 Ariz. 168, 375 P.2d 370 (1962)); or for the appellate court, (State v. Alkhowarizmi, 101 Ariz. 514, 421 P.2d 871 (1966); State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967)), we do not find that there is an inference of innocence *equally* as reasonable as the inference of the defendant's guilt drawn by the jury below. We believe that the *Alkhowarizmi* and *Hughes* cases should be construed to apply

to the particular set of facts in each case, and were not intended to abrogate the right of the jury to pass on the weight of circumstantial evidence where reasonable men might reach the verdict reached by the jury.

The facts are undisputed that someone took the Tucson Gas and Electric Company truck without the owner's permission. Our task is to determine whether there is substantial evidence in support of the verdict (State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965)); and, thus, whether the jury was justified in concluding that the defendant, Mendibles, was that person. In effect, we are called upon to consider, first, as a matter of law, whether the unexplained presence of the wallet, plus the sighting, near the truck, after the accident, of a man who resembled the defendant, can be sufficient for a logical inference that the defendant dropped the wallet while driving a temporarily appropriated truck.

An identification is sufficient to go to the jury if the witness believes that the defendant is the one he originally saw. See State v. Dutton, 83 Ariz. 193, 318 P.2d 667 (1957). The jury will, of course, weigh the strength of the assertions of the witnesses. Although this identification was less than positive, we cannot say, as a matter of law, that it could not properly be presented to the jury.

The wallet is more damaging in the identification. While we can imagine many ways in which it could have been placed in the truck, one of them is certainly that it was accidentally lost by the defendant while he was in the truck. Personal articles are competent to permit an inference that the owner was present, (1 Wharton's Criminal Evidence (12th ed.) § 184 and cases cited), and the fact that the cards in the wallet bore a name completely identical to defendant's was sufficient in this case to raise the presumption of ownership. First Nat. Benefit Soc. v. Fiske, 55 Ariz. 290, 101 P.2d 205 (1940); 1 Wharton's Criminal Evidence (12th ed.) § 100. The wallet contained items bearing the name "Albert Andrew Mendibles", including his social security and selective service cards. The presence of the wallet and the general description of the person who fled the scene of the accident, we believe, sufficiently supports the jury's verdict. See Murphy v. State, 184 Md. 70, 40 A.2d 239 (1944).

Although it is possible that Mendibles or someone else put the wallet in the truck after the crime, a reasonable man would not likely conclude from the evidence that this happened. The circumstances here are more consistent with the guilt rather than the innocence of Mendibles and thus the verdict of guilty, supported by substantial evidence, will not be disturbed.

Judgment affirmed.

HATHAWAY, C. J., and ROBERT E. McGHEE, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge ROBERT E. McGHEE was called to sit in his stead and participate in the determination of this decision.