559 P.2d 206

**STATE of Arizona, Appellee,**

v.

**Ronnie Joe HADLEY, Appellant.**

**No. 1 CA–CR 1980.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 6, 1977.

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

NELSON, Judge.

The appellant appeals from the revocation of probation granted on March 5, 1974, after conviction for second degree burglary and grand theft. A petition to revoke probation was filed on February 24, 1976, alleging that the appellant had violated condition 1 by failing to act as a law abiding citizen due to a conviction for second degree burglary entered in Gila County Superior Court on January 14, 1976. This charge was read to the appellant at his revocation arraignment on April 2, 1976, and a denial of the violation was recorded on his behalf by the court. At the revocation hearing held on April 15, 1976, the following colloquy between counsel and the court reflects the extent of the evidence introduced to support the allegation of probation violation:

"This is the time set for a violation hearing.

The adult probation officer in this matter has displayed to this Court, and I will have it filed, if counsel wish so, a certified copy of a conviction for Burglary, Second Degree, in Gila County, Arizona.

MR. RITCHIE: I certainly think it should be filed.

THE COURT: It may be filed for this record as the exhibit.

Based upon that certified copy, the Court finds, pursuant to Rule 27, I think it's 7E—

MR. RITCHIE: Yes, a revised rule.

THE COURT: That there has been a violation of the probation granted by Judge Hardy on March 5th, 1974, for the offenses of Burglary, Second Degree, and Grant [sic] Theft, in that the defendant has failed to live up to Term 1 of the conditions of probation and has not been law-abiding.

Pursuant to the rules, there will be an order setting this matter for a disposition hearing one week from today at 8:15 in the morning, that is April 22nd at 8:15."

On appeal, the appellant raises the following issues:

(1) The trial court erred in revoking appellant's probation for the violation of a condition which was not in writing;

(2) The revocation procedure followed by the court denied appellant due process of law; and

(3) Appellant was not given credit for time spent in custody prior to sentencing at his probation revocation.

Appellant was originally placed on probation on March 5, 1974. At that time, he was supplied with a written copy of the conditions and regulations of his probation. Subsequently, a petition to revoke probation was filed. While appellant was found to have violated the conditions of probation during a hearing on that petition, the court continued the appellant on probation on December 10, 1974. Appellant argues that at the time of his reinstatement to probation no new written terms of probation were given to him. He further argues there was no explanation as to which of the old terms remained in effect and which terms had been modified. He argues that it is obvious from the record that the conditions and terms of probation must have been altered since he was not required to comply with certain of the previous conditions imposed on him. Thus, he concludes, his probation was revoked in violation of *State v. Gomez*, 112 Ariz. 243, 540 P.2d 1224 (1975) and Rule 27.7(d), Arizona Rules of Criminal Procedure, 17 A.R.S., because it was revoked for violation of a condition for which he had never received a written copy.

We find it unnecessary to decide whether a probationer must receive a new copy of terms and conditions upon being reinstated to probation following a finding of probation violation. It is clear from the record in this case that the appellant's probation was revoked for violating the laws of this state. A probationer need not be furnished a copy of a written prohibition against violation of the laws. *State v. Acosta*, 25 Ariz.App. 44, 540 P.2d 1263 (1975). Appellant's probation was properly revoked because the trial court determined that the State proved by a preponderance of the evidence that the ap-

pellant was guilty of having violated the law by committing burglary second degree in Gila County.

Appellant urges, as his second ground on appeal, that the evidence was not sufficient to establish by a preponderance of the evidence that he had committed burglary, second degree. He argues that "a mere recital by the trial court as to its viewing of a document is not sufficient to comply with the due process requirements set forth in the cases cited."

As noted above, apparently the only evidence introduced to support the allegation of probation violation was a certified copy of a minute entry showing the conviction for the crime of burglary, second degree, of a person with the same name as that of appellant. A violation of probation must be established by a preponderance of the evidence. *State v. Salinas,* 23 Ariz.App. 232, 532 P.2d 174 (1975); Rule 27.7(b), Arizona Rules of Criminal Procedure, 17 A.R.S. Generally, the laws of evidence relating to civil actions apply to criminal proceedings. Rule 19.3(a), Arizona Rules of Criminal Procedure, 17 A.R.S. In civil cases, where the burden of proof is also by a preponderance of the evidence, it has been held that in the absence of any evidence to the contrary, identity of names is presumptive evidence of identity of persons. This presumption obtains until it is repudiated by some evidence. *First National Benefit Society v. Fiske,* 55 Ariz. 290, 101 P.2d 205 (1940). We think the rule adopted by the Court in *Fiske, supra,* is applicable to the case at bar. We think the standard of proof applicable to a probation revocation proceeding distinguishes this case from the holdings in *State v. Pennye,* 102 Ariz. 207, 427 P.2d 525 (1967) and *State v. Norgard,* 6 Ariz.App. 36, 429 P.2d 670 (1967). The Court in *Norgard, supra,* aptly explained the law with respect to proof of a prior conviction when it stated:

"We appreciate that in *State v. Pennye,* supra, our Supreme Court has held that the mere fact that a record of conviction bears the same name as that of the defendant charged with the prior conviction is insufficient, in and of itself, to establish identity beyond a reasonable doubt. *However, we know of no case holding that the similarity of names is not some evidence of identity.* The jurisdictions of this country are almost evenly divided on whether identity of names alone is sufficient to permit the trier of fact to find against the defendant on a charge of prior conviction." (Emphasis added) 6 Ariz.App. at 41, 429 p.2d at 675.

It should be noted that *Norgard, supra,* as did *Pennye, supra,* dealt with the proof of a prior conviction under A.R.S. § 13–1649. The prosecutor's burden of proof in such a case is by proof beyond a reasonable doubt. The law stated in those cases is inapplicable to a probation revocation proceeding where the burden of proof is less onerous. In addition, the court in *Norgard* tacitly recognizes that identity of names is some evidence of identity of persons.

In the case at bar, the names of the appellant and the person convicted of the crime in Gila County are identical and we cannot say, in the absence of some evidence at least tending to cast doubt upon the identity, that the name is so common that the rule set out in *Fiske* should not apply. In addition, we note that the discussion between court and counsel at the disposition hearing leaves no doubt that the appellant was in fact the person convicted in the Gila County proceeding.

Appellant's claim that he was denied the right to cross-examine the witnesses against him is without support in the record and, we think, completely without merit.

Finally, the appellant argues that he was not credited for time spent in presentence incarceration. Appellant was sentenced to the maximum allowed by statute on both the burglary and grand theft charges. Even though the sentences were to run concurrently, appellant is entitled to credit against the maximum for presentence incarceration. *See, State v. Maese,* 27 Ariz.App. 379, 555 P.2d 348 (1976). While the State concedes that error has been committed, there is a disagreement as to the

amount of time to which the appellant is entitled as credit on his sentence. The record is unclear as to what numbers are correct. Therefore we think a remand for sentencing is proper. In addition, we are unable to tell whether or not the appellant was incarcerated in the county jail as a term and condition of probation. It is, of course, not required that a defendant receive credit against a prison term when the time spent in the county jail is spent pursuant to a term of probation. *State v. Fuentes,* 26 Ariz.App. 444, 549 P.2d 224 (1976), *approved,* 113 Ariz. 285, 551 P.2d 554 (1976).

The judgment is affirmed and the cause is remanded for resentencing.

DONOFRIO, P. J., and OGG, J., concur.