NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

CHRISTOPHER ANTHONY BRAIN, *Appellant*.

No. 1 CA-CR 13-0729
FILED 06-17-2014

---

Appeal from the Superior Court in Yavapai County
No. V1300CR820060752
The Honorable Jennifer B. Campbell, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Craig Williams Attorney at Law, PLLC, Prescott Valley
By Craig Williams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

**¶1**         Appellant Christopher Anthony Brain (Defendant) appeals from the trial court's revocation of his probation and sentence of two five-year consecutive terms of incarceration.  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this court that after a search of the entire appellate record, he found no arguable question of law that was not frivolous.  Defendant was afforded the opportunity to file a supplemental brief in propria persona, but has not done so.

**¶2**         Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.2d 89, 96 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 (2003), 13-4031, and -4033.A.1 (2010).  Finding no reversible error, we affirm the revocation of Defendant's probation and sentence.

## FACTS AND PROCEDURAL HISTORY

I.    Original Offense

**¶3**         Christopher Anthony Brain (Defendant) was charged with six criminal counts related to his relationship with a minor who was under the age of fifteen years.[1]  Defendant was twenty-years-old at the time of the offense, and the victim (Victim) was fourteen-years-old.  Victim gave birth to a child as a result of this relationship, and a DNA test confirmed that Defendant was the biological father.  Defendant entered a plea on three counts of attempted sexual conduct with a minor under the age of fifteen, all class three felonies.  The pleas for two of the counts were

---

[1]     Defendant was initially charged with three counts of sexual contact with a minor under fifteen years of age and three counts of molestation of a child under the age of 15 years.

entered pursuant to *Alford*.[2]  The court accepted Defendant's plea as to all three charges.  Pursuant to the plea agreement and A.R.S. § 13-604.01 (2008),[3] [4] all three counts were classified as crimes against children, which each carried a presumptive sentence of ten years' imprisonment, with a minimum sentence of five years' and a maximum sentence of fifteen years' imprisonment.

¶4      Defendant was sentenced to a mitigated term of five years' imprisonment as to Amended Count III, attempted sexual conduct with a minor under the age of fifteen years, a non repetitive and dangerous crime pursuant to A.R.S. § 13-604.01.  Additionally, Defendant was sentenced to ten years' probation as to Amended Counts I and II, commencing upon his release from the Arizona Department of Corrections (ADOC).  The trial court also ordered Defendant to pay various financial obligations, fines, and fees as part of his sentence.

¶5      After serving his initial prison sentence, Defendant was released and immediately began serving his ten-year probation term.  Defendant was responsible for complying with various uniform conditions of supervised probation (uniform conditions) as well as various special conditions of probation for sex offenders (special conditions) as ordered by the trial court.  Some of these conditions included:  (1) to "[a]bide by the Judgment and Orders of Restitution, Fines and Fees" pursuant to uniform condition number 16 (Condition 16); (2) to "[p]articipate and cooperate in any counseling or assistance as directed by the [Adult Probation Department (APD)] pertaining to Substance Abuse, Mental Health, and Sex Offender issues, pursuant to uniform condition number 24 (Condition 24); (3) to abide by special sex offender conditions of probation, pursuant to uniform condition number 25 (Condition 25); and (4) to "[a]ctively participate in sex offender treatment and remain in

---

[2]      *North Carolina v. Alford*, 400 U.S. 25 (1970).  "*Alford* stands for the proposition that a trial court may, without violating the Constitution, accept a plea of guilty from a defendant who maintains that he did not commit a crime." *Duran v. Super. Ct. in and for Cnty. of Maricopa*, 162 Ariz. 206, 207, 782 P.2d 324, 325 (App. 1989).

[3]      Renumbered as A.R.S. § 13-705 (2009).

[4]      We cite to the statute as enacted at the time of the offense because material revisions to the statute have since occurred.

such treatment at the direction of the probation officer," pursuant to special condition number 6 (Special Condition 6).

II.     Violation of Probation

¶6      Defendant's probation officer (P.O.) filed a petition to revoke Defendant's probation alleging that Defendant violated several conditions of probation, including:  (Condition 16) failing to abide by the judgment and orders of restitution, fines and fees because Defendant was $4105 in arrears with his court-ordered financial obligations; (Condition 24) failing to participate and cooperate in any counseling or assistance as directed by APD pertaining to substance abuse, mental health, and sex offender counseling; and (Condition 25) failing to abide by the sex offender special conditions of probation.  The petition alleged that Defendant was "to participate with sex offender treatment with [a counseling service] until he successfully completed their program."  Defendant's P.O. reported that Defendant was discharged from treatment as "unsuccessful."

¶7      At the violation hearing, the State presented testimony from Defendant's P.O. and a mental health counselor who worked with Defendant.  Both witnesses testified that Defendant was consistently non-compliant with the terms of his probation.  The mental health counselor testified that "based on his behavior, [Defendant] did not appear to want to comply with the program requirements to make change."  Accordingly, the counseling program discharged Defendant as unsuccessful.  By contrast, Defendant testified explaining why he was non-compliant and attempting to contradict some of the testimony given by the earlier witnesses.  The trial court remarked, "[w]hat we have is [Defendant] performing abysmally on sex offender treatment . . . ."  The trial court admonished Defendant, "[y]ou were implemented to do something.  You didn't do it.  You didn't do it for a number of months.  And when you attempted to do it, you were unsuccessful."

¶8      At the conclusion of evidence, the trial court found that Defendant had violated Conditions 24 and 25 and Special Condition 6 of his probation because of Defendant's failure to comply with his counseling and treatment requirements.  The trial court found that it did not receive sufficient evidence to support a violation of Condition 16, the requirement that Defendant abide by all orders of restitution, fines, and fees.  The trial court granted the State's petition to revoke Defendant's probation and set the case for disposition.

**¶9**         The trial court conducted a disposition hearing and sentenced Defendant to five years' "flat imprisonment" for two counts of attempted sexual conduct with a minor under fifteen years of age. The trial court ordered that the sentences imposed run consecutive, and granted Defendant sixty days credit to the first term, to which neither party objected.

## DISCUSSION

**¶10**         We view the evidence in the light most favorable to supporting the trial court's finding of a probation violation. *See State v. Vaughn*, 217 Ariz. 518, 519 n.2, ¶ 3, 176 P.3d 716, 717 n.2 (App. 2008). "We will uphold a trial court's finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence." *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3, 996 P.2d 113, 115 (App. 1999).

I.      Sufficiency of the Evidence

**¶11**         "The finder-of-fact, not the appellate court, weighs the evidence and determines the credibility of witnesses." *State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220 (App. 1995). We will not disturb the fact finder's "decision if there is substantial evidence to support its verdict." *Id.*

**¶12**         When deciding whether to revoke probation, the trial court must follow the procedures outlined in the Arizona Rules of Criminal Procedure. *See* A.R.S. § 13-901.C (2010); Ariz. R. Crim. P. 27; *see also Vaughn*, 217 Ariz. at 521, ¶ 17, 176 P.3d at 719. The trial court must hold a violation hearing "to determine whether a probationer has in fact violated a probation condition, and a probation violation finding made at the violation hearing is a prerequisite to probation revocation at the disposition hearing." *Id.* at at 522, ¶ 18, 176 P.3d at 720. A violation of probation must be established by a preponderance of the evidence. *State v. Hadley*, 114 Ariz. 86, 88, 559 P.2d 206, 208 (App. 1977).

**¶13**         In this case, the State presented sufficient evidence to support the trial court's finding that Defendant violated the conditions of his probation. Specifically, the State presented evidence that Defendant failed to fully participate in treatments assigned to him by his P.O. under the uniform conditions, failed to abide by the special conditions of a sex offender by failing to comply with the directions of the treatment provider, failed to comply with all of the requirements of each phase of treatment, and was terminated from treatment as "unsuccessful." This

evidence supports the trial court's finding that Defendant willfully violated Conditions 24 and 25 and Special Condition 16.

II.     Presentence Incarceration Credit

**¶14**      As part of our responsibility to review the record in its entirety, *see Clark*, 196 Ariz. at 541, ¶ 49, 2 P.2d at 100, we evaluate whether Defendant received the proper amount of credit for pre-sentence incarceration.  The trial court awarded Defendant sixty days of pre-sentence incarceration credit in this case and neither party objected.  This credit has not been challenged on appeal either.  However, from the record, it does not appear that Defendant actually served any time prior to his disposition.  Because the record before us is unclear as to how many days would be correct for pre-sentence incarceration credit and neither party has raised any objections, we affirm the trial court's award of sixty days pre-sentence incarceration credit.  Therefore, should counsel for Defendant find the number of days of pre-sentence incarceration was less than he actually served; he may file a motion to reconsider with this court.  *See State v. Ritch*, 160 Ariz. 495, 498-99, 774 P.2d 234, 237-38 (App. 1989) (holding that a trial court's failure to award the correct amount of credit for presentence incarceration towards a defendant's sentence constitutes fundamental error pursuant to A.R.S. § 13-712.B, entitling a defendant to "all time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment" and correcting such an error.); *see also State v. Stevens*, 173 Ariz. 494, 496, 844 P.2d 661, 663 (App. 1992) (modifying sentence to grant defendant correct credit for pre-sentence incarceration).

**CONCLUSION**

**¶15**      We have read and considered counsel's brief.  We have carefully searched the entire record for reversible error and have found none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 882.  The record indicates Defendant was represented by counsel at all critical stages of the proceedings, that the trial court afforded Defendant all of his rights under the Constitution, Arizona statutes, and the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  *See Clark*, 196 Ariz. at 541, ¶ 50, 2 P.3d at 100.  Defendant was given an opportunity to speak at his disposition hearing, and the sentences imposed were within statutory limits.  Based on our review of the record, we find sufficient evidence supports the trial court's revocation of Defendant's probation, and the trial court imposed a lawful sentence.

**¶16** Counsel's obligations pertaining to Defendant's representation in this appeal have ended, except for, as noted, regarding pre-sentence incarceration. Counsel need do no more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). If he desires, Defendant has thirty days from the date of this decision to proceed with a pro per motion for reconsideration or petition for review.

**¶17** Accordingly, we affirm the revocation of Defendant's probation and the sentences imposed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh