**538**

466 P.2d 411

**The STATE of Arizona, Appellee,**

v.

**Paul DITZLER, Appellant.**

**No. 2 CA–CR 197.**

Court of Appeals of Arizona,
Division 2.

March 17, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Leonard N. Sowers, Kearny, for appellant.

KRUCKER, Judge.

Defendant was informed against for the crime of incest. He was adjudicated guilty on his plea in June, 1967, and given a five-year suspended imposition of sentence. His probation was subsequently revoked, and he was sentenced to not less than three nor more than four years.

Defendant appeals his conviction. Counsel submitted a brief pursuant to Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969), finding that no valid issue for appeal was found except perhaps the voluntariness of defendant's plea. We therefore examine the record as to defendant's guilty plea and for any fundamental error.

Was defendant's plea voluntary? We are reviewing this question under the standard prior to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), as it is not retroactive. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). We have before us no specific allegations as to the defectiveness of the plea. All that is available in the record is an affidavit attached to defendant's motion to set aside the judgment in which defendant states:

"That the long waiting period [in jail] and circumstances influenced his decision to plead guilty."

The arraignment transcript shows that the trial court did make inquiry of defendant as to his plea in the following manner:

\*   \*   \*   \*   \*   \*

"THE COURT: You withdraw your plea of not guilty, Mr. Ditzler, and enter a plea of guilty to the crime of incest, a felony?

MR. DITZLER: Yes, sir.

THE COURT: For the record, might I ask you if any promises have been made to you in return for the plea?

MR. DITZLER: No.

THE COURT: Have any threats or persuasion, coercion been used upon you to extract this plea of guilty?

MR. DITZLER: No, sir.

THE COURT: And this plea is made with the advice of your counsel here, Mr. Roberts?

MR. DITZLER: Yes, sir.

THE COURT: Very well. Let the record show the defendant enters a plea of guilty to the crime of incest, a felony."

We believe this is sufficient to show defendant's plea was voluntary, particularly in light of the fact that in at least four cases of delay, defendant was present when the continuances were made. Likewise, we believe there was more than adequate evidence, as presented at the probation revocation hearing, to confirm that all the elements of the crime of incest, A.R.S. § 13–471, had in fact occurred.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.