421 P.2d 871

The STATE of Arizona, Appellee,

v.

Justice Musa ALKHOWARIZMI, a. k. a.
Jesse Ferguson, Appellant.

No. 1730.

Supreme Court of Arizona.

In Banc.

Dec. 30, 1966.

Darrell F. Smith, Atty. Gen., and Gary K. Nelson, Asst. Atty. Gen., Robt. K. Corbin, County Atty., Maricopa County, for appellee.

Vernon B. Croaff, Public Defender of Maricopa County, Grant Laney, Deputy Public Defender, for appellant.

UDALL, Justice.

The appellant, Justice M. Alkhowarizmi, also known as Jesse Ferguson, was convicted of sodomy (A.R.S. Sec. 13–651) after a trial by jury in superior court of Maricopa County; he was sentenced to serve fifteen years to life in the Arizona State Prison. The Public Defender, finding no reversible error of which to complain, moved this Court to allow submission of the appeal on the record. Accordingly, we have searched the record for fundamental error as required by A.R.S. Sec. 13–1715.

On January 15, 1966 George Klettinger, patrolman for the City of Phoenix police department, found the appellant and his co-defendant in the back of a van-type truck which was parked in the city of Phoenix. The appellant and his companion were arrested and after a preliminary hearing were bound over for trial on a charge of committing the "infamous crime against nature", proscribed by A.R.S. Sec. 13–651.

Neither defendant testified at the trial and the only evidence offered by the State was the following testimony of officer Klettinger, who described what he saw when he flashed his light into the back of the truck:

"Q. Whom did you see inside the truck?

"A. The defendant known as Alkhowarizmi, and the defendant, Mr. Scott.

\* \* \* \* \* \*

"Q. Were they standing, sitting, lying, how were they?

"A. They were lying down.

"Q. Now, specifically, the defendant Scott, the fellow on the far end of the table, in what position was he?

"A. He was lying on the right side, his head pointed going east and facing north.

\* \* \* \* \* \*

"Q. What was his manner of dress or undress?

\* \* \* \* \* \*

"A. His trousers were down around his knees, his midsection was bare and exposed from approximately his waist to his knees.

\* \* \* \* \* \*

"Q. As to the other defendant, Mr. Alkhowarizmi, what position was he in?

"A. He was at first on his right side and rolling over to his back side at the time that we first turned the lights on.

\* \* \* \* \* \*

"Q. And what sort of dress was he wearing?

"A. His pants were down around his knees and he was pulling his undershorts up at the time.

"Q. And about how far from Mr. Scott would you say he was?

"A. Just a few inches. I would say from six to ten inches.

\* \* \* \* \* \*

"Q. And upon you putting a light on him what, if anything, did he do?

"A. All in one motion he rolled to his back, pulled his shorts up, placing his erect penis into the shorts.

"Q. Did you notice anything else at the time?

\* \* \* \* \* \*

"THE WITNESS: I saw spots of a white-colored liquid type substance on the buttocks and lower thigh of the defendant

Scott. And it was plainly visible to both I and others present."

Apparently, in view of the above testimony, officer Klettinger did not actually observe an act of penetration, and in order to sustain a conviction of sodomy, penetration, however slight, must be proven. State v. Poole, 59 Ariz. 44, 122 P.2d 415. The act of penetration may be proven by circumstantial evidence, People v. Singh, 93 Cal.App. 32, 268 P. 958, and from the testimony of the officer it may reasonably be inferred that the defendant consummated the alleged act. However, from the circumstances described it is equally reasonable to conclude that the defendant unsuccessfully attempted a penetration, or that there was merely a manipulation between the persons of the defendants, without the penetration necessary to the crime of sodomy, or that the parties had engaged in other sexual misconduct. In view of the fact that inconsistent conclusions are reasonable from the circumstances, and that conclusions consistent with innocence are as equally reasonable as the inference consistent with guilt, the trial court erred when it denied defendant's motion to dismiss and submitted the case to the jury. This case is controlled by the following principle, well stated by the Supreme Court of Washington in State v. Charley, 48 Wash.2d 126, 291 P.2d 673, at 674, a case in which the Washington court *reversed a sodomy conviction* because the circumstantial evidence led to inferences which were inconsistent with the guilt of the accused and which reasonably suggested his innocence:

"In order to sustain a conviction on circumstantial evidence, the circumstances proven by the state must not only be consistent with the hypothesis that the accused is guilty, but also must be inconsistent with any hypothesis or theory which would establish or tend to establish his innocence."

Because this Court has adhered to the above principle consistently, see, State v. Bearden, 99 Ariz. 1, 405 P.2d 885; State v. Tigue, 95 Ariz. 45, 386 P.2d 402; State v.

Cox, 93 Ariz. 73, 378 P.2d 750, the judgment of the trial court is reversed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.