467 P.2d 760

**STATE of Arizona, Appellee,**

v.

**Ismael FUENTES, Appellant.**

**No. 1 CA–CR 225.**

Court of Appeals of Arizona,
Division 1.

April 13, 1970.

———◆———

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HATHAWAY, Judge.

The defendant was convicted of burglary in the second degree, with a prior conviction.

The state originally filed an information charging the defendant with one count of burglary and one count of grand theft. At his arraignment the defendant pled not

guilty to each count and denied the allegation of a prior conviction. At the trial the state moved to amend the information to burglary, second degree, with a prior conviction. Count two of the information was dismissed on motion of the state. The defendant was given leave to withdraw his plea of not guilty and to enter a plea of guilty. This plea was accepted by the court and judgment was entered and a sentence imposed of not less than nine years nor more than ten years.

The defendant first contends that his conviction was not valid since no amended information was ever filed. At the trial the state moved to amend the information in the following manner:

"Mr. Gerst: Your Honor, at this time the State would move to amend the Information, in one respect, on the Burglary charge to charge the defendant with Burglary, Second Degree. I believe it's open at the present time.

The Court: With a prior?

Mr. Gerst: Yes, sir, with a prior.

The Court: *All right. There may be an order admitting the Amendment of the Information changing it to Burglary Second, with a prior.*

Mr. Bennett: We have no objection to the State amending their Information."
[Emphasis added] (R.T. p. 3, 3/10/69)

Immediately thereafter the court inquired if the defendant desired to plead to the charge and the defendant responded affirmatively. The minute entry of March 10, 1969 also reflects the fact that the state moved to amend the information and the defendant had no objection to this amendment.

The filing of an information is essential in order to confer jurisdiction on the court. 42 C.J.S. Indictments and Informations § 76; Bowman v. State, 103 Ariz. 482, 445 P.2d 841 (1968), and a failure to file a valid information requires reversal even though a plea of guilty had been entered. State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962).

Here, the information alleges an open charge of burglary as the defendant contends. However, the transcript and the minute entry both accurately reflect that the state's motion to amend the information was granted without objection by the defendant. Perhaps it would have been better had the court made interlineations and modified the original information to charge burglary in the second degree with a prior or to require the filing of a new information, but we believe that the amendment entered on the minutes of the court suffices. Crane v. State, 157 Miss. 548, 128 So. 579 (1930). Rule 145, Rules of Criminal Procedure, 17 A.R.S., allows the court to amend the information on its own motion. And Rule 147, Rules of Criminal Procedure, 17 A.R.S., gives the defendant the right after final verdict and before sentence is pronounced to amend the information. In any event, under an open charge of burglary the defendant may be convicted of burglary in either the first or second degree, whichever is warranted by the evidence. Vincent v. State, 16 Ariz. 297, 145 P. 241 (1914); Cline v. State, 21 Ariz. 554, 192 P. 1071 (1920). We find that the defendant has not been prejudiced by the procedure followed having pled to the lesser degree. State v. Faught, 97 Ariz. 165, 398 P.2d 550 (1965); State v. Johnson, 97 Ariz. 27, 396 P.2d 392 (1964).

The defendant raises the issue of whether his plea was voluntary when the court did not ascertain if any promises or threats were made to induce the plea. But no claim has been made by the defendant that the plea was in fact involuntary nor has he claimed that he was not fully informed as to the consequences of his plea.

We consider the voluntariness of the defendant's plea under standards prior to Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), since *Boykin* is not retroactive, State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). The record of March 10, 1969 shows that defendant's attorney stated to the court that he had made no threats or promises to the

defendant to get him to change his plea. Thereafter the court directly questioned the defendant concerning the change of plea and whether promises were made to him. The court concluded at the end of the examination that:

"The court finds the defendant's plea of guilty is being made voluntarily and intelligently with an understanding of the consequences and that no promises of immunity or threats of any kind are made to persuade him to make his change of plea." R.T. p. 5-6

We believe that the court's inquiry was sufficient to show the defendant's plea was voluntary and we find no error. State v. Ditzler, 11 Ariz.App. 538, 466 P.2d 411, filed March 17, 1970. The defendant did not petition the court to set aside his plea. If he wishes to relinquish his plea bargain and reopen the preamendment information, he should direct his proposed election to the trial court. State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969).

The defendant's final contention is that a sufficient determination concerning whether he had been previously convicted had not been rendered. Rule 180, Rules of Criminal Procedure, 17 A.R.S., provides in part:

"When a defendant who is charged in the indictment or information with a previous conviction pleads either guilty or not guilty of the offense with which he is charged, he shall be asked whether he has been previously convicted. If he answers that he has, his answer shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by the consent of the court, be conclusive of the previous conviction in all subsequent proceedings."

The minute entry of March 10, 1969 reflects that the defendant entered a plea of guilty to burglary, second degree, with a prior conviction.

In the transcript of March 27, 1969, the following is found:

"The Court: Am I correct, Mr. Fuentes, that you have entered a plea of guilty to an amended information charging burglary in the second degree with a prior conviction? Is that correct?

Mr. Hyder: That's correct, Your Honor.

The Court: A felony. To this charge you have entered a plea of guilty.

Do you have anything to say or is there any legal cause to show why sentence should not now be pronounced?

Mr. Hyder: There is no legal cause, Your Honor.

The Court: All right. Fine. No legal cause appearing to the Court and by reason of your plea of guilty, it is the judgment of this Court that you are guilty of the crime of burglary in the second degree, a felony, with a prior conviction."

Rule 180 requires that the court ask the defendant whether he has been previously convicted as charged, and that his answer be recorded in the minutes. We find nothing in the minutes on the matter. Since Rule 180 is mandatory, State v. Williamson, 104 Ariz. 9, 448 P.2d 65 (1968); State v. Miles, 3 Ariz.App. 377, 414 P.2d 765 (1966); and Montgomery v. Eyman, 96 Ariz. 55, 391 P.2d 915 (1964), and it has not been complied with, the sentence is set aside and the case is remanded to the superior court for the determination of the prior conviction in accordance with Rule 180. The judgment on the plea of guilty to the charge of second degree burglary is affirmed.

HOWARD, C. J., concurs.

KRUCKER, J., did not participate in this opinion.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.