540 P.2d 682

**STATE of Arizona, Appellee,**

v.

**Andrew BARNETT, Jr., Appellant.**

**No. 3158.**

Supreme Court of Arizona,
In Banc.

Sept. 30, 1975.

Bruce E. Babbitt, Atty. Gen., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

The appellant, Andrew Barnett, was convicted of the crime of kidnapping in viola-

tion of A.R.S. § 13–491 and was sentenced to a term of not less than ten years nor more than fifteen years in the Arizona State Prison.

The appellant's first contention is that the trial court abused its discretion by granting the State's motion to amend the information to add an allegation of a prior conviction. We do not agree. Rule 13.5 (a) of the Arizona Rules of Criminal Procedure states that "[t]he prosecutor may amend an indictment, information or complaint to add an allegation of one or more prior convictions within the time limits of Rule 16.1(b)."

Rule 16.1(b) provides:

"All motions specified in the omnibus hearing form shall be made at or before an omnibus hearing. Any other motion, defense, objection or request which is capable of determination without the trial of the general issue shall, whenever possible, be made at or before an omnibus hearing, but, in any event, no later than 20 days prior to the date set for trial."

■ The motion was not untimely under Rule 16.1(b) because it was one contained in the omnibus hearing form and an omnibus hearing was never held. Rule 16.-5(c) provides that "[a]fter reviewing the omnibus hearing form, the court, in its discretion, may vacate the hearing." Because the rules do not provide a deadline for motions contained in the omnibus hearing form when no hearing is held, the matter was left to the sound discretion of the trial court. The prosecution properly noted its intent to present the motion in the omnibus hearing form, filed July 5, 1974. The form was signed by the attorneys for both sides and the trial judge. The motion was filed on July 12, 1974. The motion was granted at the outset of the trial twenty-four days later, on August 5, 1974.

■ The appellant is incorrect in his assertion that Rule 16.1(b) barred the instant motion because it was filed less than twenty days before the original trial date of July 15, 1974. That limitation applies only to certain motions not contained in the omnibus hearing form.

The appellant fails to assert that he was in any way prejudiced by the timing of the motion to add an allegation of prior conviction. The absence of a request in the omnibus hearing form for a list of the defendant's prior convictions indicates he was fully aware of what the prosecution would urge in its motion to amend the information. We find that the trial court did not abuse its discretion by refusing to bar the motion on the ground it was untimely.

■ The appellant's second contention is that the evidence was insufficient to support a conviction for kidnapping. When considering whether the verdict was contrary to the weight of the evidence "we do not decide whether we would reach the same conclusion as the jury," but only whether "there is a complete absence of probative facts to support the conclusion." *State v. Bearden*, 99 Ariz. 1, 405 P.2d 885 (1965).

■ A.R.S. § 13–491 provides:

"A. A person is guilty of a felony who:

"1. Forcibly steals, takes or arrests any person in this state, and carries him into another country, state or county, or into another part of the same county."

The victim testified at the trial that while he was unloading his delivery truck he was approached by the appellant who demanded his keys and stated "I am going to blow your head off." The appellant and his two accomplices then locked the victim in the rear of the truck, entered the cab and proceeded to drive out of the parking lot. The victim testified that he unsuccessfully attempted to escape but that "[t]here was no way out." After proceeding two or three blocks the truck was stopped by two police officers who apprehended the appellant. The officers stated at the trial that they had witnessed the incident from a distance and gave testimony corroborating that giv-

**212**

en by the victim. The evidence was clearly sufficient to support a conviction for kidnapping within the meaning of A.R.S. § 13–491.

 The appellant's final contention is that the trial court abused its discretion by granting two continuances without complying with Rule 8.5 of the Arizona Rules of Criminal Procedure. Rule 8.5 provides:

"a. Form of Motion. A continuance may be granted only upon written motion, stating with specificity the reasons justifying it, and a certificate of the signer that it is made in good faith. A second continuance may be granted upon a second motion and certificate. Any additional continuance in the case may be granted only by the presiding judge.

"b. Grounds for Motion. A continuance shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice. * * *

"c. Copies of Order. Upon granting a motion by either party for a continuance the court shall direct a minute entry specifically enumerating its reasons * * *."

The detailed requirements of Rule 8.5 are in sharp contrast to the discretionary nature of its predecessor, Rules 241 to 249, and were designed to prevent infringement of an accused's right to a speedy trial by improper use of a continuance as "excluded period" under Rule 8.4(d). By failing to include a sanction in 8.5 for violation of the Rule the drafters apparently intended that the sanctions contained in Rule 8.6 for violation of the speedy trial time limits would apply. This is a reasonable assumption as unless a defendant's trial was delayed beyond the speedy trial period contained in Rule 8.2 by an "excluded" continuance, he has no grounds to allege prejudice resulting from the action.

 In the instant case the trial was originally set to begin on July 15, 1974. After two continuances it eventually commenced on August 5th. It is uncontrovert-

ed that neither continuance was granted in accordance with the procedures outlined in Rule 8.5. The trial took place, however, exactly sixty days after the defendant was arraigned, and thus was within the speedy trial period contained in Rule 8.2(b) for persons in custody, as Barnett was in this case. The trial court, therefore, did not abuse its discretion by granting two continuances without complying with Rule 8.5.

The conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.