552 P.2d 772

**STATE of Arizona, Appellee,**

v.

**Yolanda ESTRADA, Appellant.**

**No. I CA–CR 1591.**

Court of Appeals of Arizona,
Division 1,

Department B.

July 15, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael Tryon, Terry J. Adams, Deputy Public Defenders, Phoenix, for appellant.

OPINION

SCHROEDER, Judge.

The appellant, Yolanda Estrada, was charged by information with two counts of armed robbery. After a waiver of a jury trial, the case was submitted to the trial court upon the basis of the preliminary hearing transcript and certain police departmental reports. She was found guilty of two counts of conspiracy to commit armed robbery and was sentenced to a term of 8 to 12 years imprisonment. In her appeal from the judgment and sentence

**184**

she posed a number of issues which we need not decide because our review of the record discloses that the judgment and sentence must be reversed on other grounds. By supplemental briefs counsel have had an opportunity to present their views on these grounds.

The information of May 21, 1975 charged the appellant with two counts of armed robbery. This information was never amended and the defendant was never placed on notice that she would be subject to conviction of *conspiracy* to commit armed robbery. Even at the time of the submission hearing on September 12, 1975, the court advised appellant, "You are charged with the crime of armed robbery, and if you are found guilty of this charge or any other charge that may be a lesser included offense, you can be found guilty up to a felony . . . ."

Due process requires that an accused may be convicted of an offense different from that which he was charged only if it is an included offense. *In re Appeal in Maricopa County, Juvenile Action No. J–75755,* 111 Ariz. 103, 523 P.2d 1304 (1974); *State v. Parsons,* 70 Ariz. 399, 222 P.2d 637 (1950); *Peterson v. Jacobson,* 2 Ariz.App. 593, 411 P.2d 31 (1966). In determining whether an offense is a lesser included crime, the test to be applied is whether the greater offense cannot be committed without necessarily committing the lesser offense, *In re Appeal in Maricopa County, supra; State v. Thornbrugh,* 24 Ariz.App. 573, 540 P.2d 192 (1975).

Robbery is the taking of personal property from the possession of another through the use of force or fear. A.R.S. § 13–641. Conspiracy to commit robbery, on the other hand, requires a plan with one or more persons to engage in or cause the commission of robbery, and an overt act toward execution of the conspiracy. A.R.S. § 13–331 (Laws 1971); A.R.S. § 13–332; *Eyman v. Deutsch,* 92 Ariz. 82, 373 P.2d 716 (1962). Thus, the crime of robbery could be completed by the act of an individual without necessarily conspiring with another to commit that crime. As such, conspiracy to commit robbery is not a lesser included offense of robbery.

The State, in its supplemental brief, contends that the submission here should be equated with a guilty plea to a charge related to the crime originally charged, but not necessarily included within it. We find no merit in this position. A defendant who pleads guilty to a lesser charge than that contained in the original information is fully aware of the precise crime to which he is pleading and of the range of punishment for that crime. There is not the slightest suggestion in this record that the appellant knew, at the time of the submission, that the court would consider any crimes other than the crime charged or crimes included within it. While the information here doubtless could have been amended to charge the crime of conspiracy, it never was.

For the reasons stated, the judgment and sentence must be reversed.

JACOBSON, P. J., and WREN, J., concur.