560 P.2d 810

STATE of Arizona, Appellee,

v.

Wayne Anthony SIMS, Appellant.

No. 1 CA–CR 1685.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 13, 1977.

As Modified on Denial of Rehearing Feb. 9, 1977.

Review Denied March 8, 1977.

Schroeder, P. J., concurred and filed opinion.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

## OPINION

EUBANK, Judge.

This is an appeal from a judgment of conviction for aggravated battery. The appellant raises two issues for our consideration. First, he argues the evidence submitted was insufficient to support a conviction of aggravated battery, and second, he contends A.R.S. § 13–245(A) is unconstitutionally vague. However, before we examine appellant's contentions it is necessary to discuss two preliminary questions raised in the State's answering brief. These are: first, whether the crime of aggravated battery is a lesser included offense of sodomy; and second, whether the appellant consented to altering the charging document pursuant to 17 A.R.S., Rules of Criminal Procedure, Rule 13.5(b).[1]

After a preliminary hearing the defendant, Wayne Anthony Sims, was charged by

---

1. Rule 13.5 Amendment of the charges; defects in the charging document

\* \* \* \* \* \*

b. Altering the Charges; Amendment to Conform to the Evidence. The preliminary hearing or grand jury indictment limits the trial to the specific charge or charges stated in the magistrate's order or grand jury indict-ment. The charge may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the defendant consents to the amendment. The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding.

information of committing sodomy with a fellow prisoner in violation of A.R.S. § 13–651.[2] On the day set for trial, appellant waived trial by jury and submitted the issue of his guilt or innocence to the trial judge based on the transcript of the preliminary hearing. During the course of the submission proceeding the following colloquy occurred between the court and appellant:

THE COURT: Have there been any deals between us, on the record now, have there been any promises by me if I find you guilty of either sodomy with a prior or any lesser charge, as to how many years you're going to get? In other words, if I find you guilty of either sodomy with a prior, that is ten to life, and if I find you guilty of the lesser charge, which is aggravated assault—

THE DEFENDANT: Yes, sir, that was the stipulation.

THE COURT: I understand that. But you understand aggravated battery with a prior carries one to ten years?

THE DEFENDANT: Yes, sir.

The court thereafter found the defendant guilty of the lesser crime of aggravated battery in violation of A.R.S. § 13–245, and sentenced him to serve a term of three to five years in the state prison, to run consecutively with his conviction in No. 86914 (forgery, a felony).

The rule is that an accused may be convicted of an offense different from that charged in the information only if it is a lesser included offense.[3] *State v. Estrada*, 27 Ariz.App. 183, 552 P.2d 772 (1976); *State v. Rogers*, 113 Ariz. 6, 545 P.2d 930 (1976); *State v. Branch*, 108 Ariz. 351, 498 P.2d 218 (1972). It follows therefore that in the present case the defendant could not be convicted of aggravated battery unless it was a lesser included offense of sodomy.

■ The test to determine if an offense is a lesser included offense is whether the greater crime (sodomy) cannot be committed without necessarily committing the lesser crime (aggravated battery). *State v. Branch,* supra; *State v. Estrada,* supra; *Peterson v. Jacobson,* 2 Ariz.App. 593, 411 P.2d 31 (1966). Sodomy is defined in A.R.S. § 13–651 as follows:

A person who commits the infamous crime against nature, with mankind or animal, shall be punished by imprisonment in the state prison for not less than five nor more than twenty years, provided that if a person commits the infamous crime against nature with a child under the age of fifteen years, such person shall be punished by imprisonment in the state prison for not less than five years nor more than life without the possibility of parole until the minimum sentence has been served. As amended Laws 1965, Ch. 20, § 1.

Battery is defined by A.R.S. § 13–241(B) as:

B. A battery is a wilful and unlawful use of force or violence upon the person of another. As amended Laws 1969, Ch. 133, § 3.

Aggravated battery is defined in A.R.S. § 13–245 and, in part, states:

A. An assault or battery is aggravated when committed under any of the following circumstances:

*       *       *       *       *       *

5. When a serious bodily injury is inflicted upon the person assaulted.

6. When committed with a premeditated design and by the use of means calculated to inflict great bodily injury.

■ Sodomy can be committed without an actual use of force or violence upon the person of another. It can be consensual. *E.g., State v. Alkhowarizmi,* 101 Ariz. 514, 421 P.2d 871 (1966), where both participants were prosecuted. Sodomy can be accomplished with an animal, *State v. Poole,* 59 Ariz. 44, 122 P.2d 415 (1942). Sodomy may also be committed through use of force and

---

**2.** The record reveals appellant was charged with violating A.R.S. § 13–641 which defines the crime of robbery. This apparent clerical error is not raised as an issue in this case.

**3.** But *cf.* A.R.S. § 13–1595. Procedure where proof shows higher offense; effect. *See also* discussion of 17 A.R.S., Rules of Criminal Procedure, Rule 13.5 *infra.*

violence but these elements are not essential to the statute. Thus, the crime of aggravated battery is not necessarily committed when an accused commits sodomy and is not therefore a lesser included offense. *See State v. Branch,* supra, and *State v. Estrada,* supra. Therefore, it is our opinion that aggravated battery is not a lesser included offense of sodomy.

The next question is whether the information can be deemed amended in accordance with 17 A.R.S., Rules of Criminal Procedure, Rule 13.5(b), supra, to permit appellant's conviction of aggravated battery. The State contends an inference can be drawn from the record that an agreement was reached between the parties indicating consent by the defendant to amend the charge.

Rule 13.5(b), footnote 1, supra, permits a charging document to be amended with a defendant's consent. This is normally accomplished pursuant to a written plea agreement under Rule 17.4(b), Rules of Criminal Procedure, 17 A.R.S., and by the filing of an amended information. A minute entry, reflecting a speaking motion to amend by the State, has also been allowed. *State v. Fuentes,* 12 Ariz.App. 48, 467 P.2d 760 (1970). In *Fuentes,* however, the court stated the trial judge should have either made interlineations to modify the original information or required the filing of a new information.

■ In the present case there was no amended information, nor any modification to the original information. However, there were several references to a "stipulation" in the transcript. We, therefore, revested jurisdiction in the superior court and ordered a hearing to be held for the purpose of determining the terms of any stipulation. At the hearing the attorney for the appellant testified that an agreement was reached whereby the defendant would be found guilty of aggravated battery with a prior conviction. The deputy county attorney testified that the trial judge was informed of the agreement. The appellant also testified at the hearing and stated a "deal" was made to which he agreed, although he could not remember its exact nature. The record shows, as set out above, that the appellant knew at the time of the submission that the court was considering a lesser crime (aggravated battery) than the crime with which appellant was charged. On the basis of the hearing, we find sufficient evidence of consent by the appellant to permit an amendment under Rule 13.5(b), supra. However, this holding is not to be interpreted as our approval of the trial judge's procedure. Under the Rules, when a stipulation or agreement between the parties is composed it should be reduced to writing and placed on the record. Due process requires that an accused be on notice of the offense charged. This is the reason we have the rule that a defendant may be convicted of an offense different from that in the charging document *only* if it is an included offense or pursuant to the consent of the defendant as provided in Rule 13.5(b), supra. *See State v. Estrada,* 27 Ariz.App. 183, 552 P.2d 772 (1976).

Finally we will consider the two issues raised by the appellant. First, he argues there was insufficient evidence to convict him of aggravated battery.

■ The evidence in this case shows appellant hit his victim on the head, pulled his hair, and knocked him around in the cell. Testimony revealed the appellant placed a container of vaseline on the victim's bunk and told him to apply it to his rectum in order to be sodomized. Moreover, the victim testified that he was tied, bound, beaten and forcibly sodomized by the appellant.

■ This evidence substantially supports a finding by the trial judge that appellant committed aggravated battery. When reviewing a challenge to the sufficiency of the evidence in a criminal case we do not weigh the evidence but review it in the light most favorable to sustaining the verdict. *State v. Barnett,* 112 Ariz. 210, 540 P.2d 682 (1975); *State v. Trotter,* 110 Ariz. 61, 514 P.2d 1249 (1973). In this light there is ample evidence of the crime.

For his second issue on appeal, the appellant argues that a conviction for aggrava-

ted assault or battery on evidence less than was discussed in *State v. Romero,* 61 Ariz. 249, 148 P.2d 357 (1944) "would in fact, construe the statute to an overbroad or vague application." Therefore, he contends that the statute A.R.S. § 13–245 is unconstitutionally vague.

 In essence, we understand appellant's argument to be that a finding of guilt on the evidence presented to the court, where the sole evidence consists of the preliminary hearing transcript, results in the statute becoming unconstitutionally overbroad and vague. We do not understand appellant's argument to be that the statute is overbroad or vague per se, but rather that a finding of guilt on the facts in this case causes it to become overbroad or vague. Clearly, the statute does not suffer the constitutional vice of vagueness or overbreadth. We think it gives fair notice of the conduct that it prohibits, and is not so broad that its sanctions apply to conduct which the State is not entitled to regulate. *Cf. State Ex Rel. Purcell v. Superior Court,* 111 Ariz. 582, 535 P.2d 1299 (1975). That a conviction may result under the statute where the evidence is insufficient, does not cause the statute to become overbroad or vague. The remedy in such an instance is an appeal seeking review on the basis of the sufficiency of the evidence. As we have already noted above, the evidence was sufficient to support the trier of facts' determination that the appellant was guilty of conduct constitutionally proscribed by A.R.S. § 13–245.

Finally, the burden of demonstrating that a statute is unconstitutional is on the appellant. That burden was not met.

The judgment and sentence are affirmed.

WREN, J., concurs.

SCHROEDER, Presiding Judge, concurring:

It appears from the matters developed in the hearing on remand that the defendant consented to the court's considering the aggravated battery charge, but that there was no actual amendment of the information, nor was there a written memorial of what the amendment was to be. Since on the entire record it is clear that the appellant was not prejudiced in any way by the procedure that was used, and since he did not raise any defect in the information as an issue on appeal, I do not believe that the error in the proceedings can be considered so fundamental as to require reversal. I, therefore, concur in the result reached by the majority.