564 P.2d 1256

**The STATE of Arizona, Appellee,**

v.

**Ernest E. SANDERS, Appellant.**

**No. 2 CA–CR 897.**

Court of Appeals of Arizona, Division 2.

April 7, 1977.

Rehearing Denied May 11, 1977.

Review Denied June 1, 1977.

Bruce E. Babbitt, Atty. Gen. by Russell Piccoli, Asst. Atty. Gen., Tucson, for appellee.

Donau, Bolt, Hickle & Whitley by Alfred S. Donau, III, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was indicted by a grand jury on three counts: (1) The robbery of Lucy Thomas, (2) the robbery of Charles Jones and (3) the theft of a motor vehicle. In a trial before the court, sitting without a jury, he was found not guilty of theft of a motor vehicle but guilty of the aggravated assault of Lucy Thomas and the aggravated assault of Charles Jones. The court also found that he was guilty of a prior conviction, treated each conviction as a felony and sentenced him to the Arizona State Prison for a period of not less than four nor more than ten years on each, the sentences to run concurrently.

An accused may be convicted of an offense different from that which he was charged only if it is included in the offense charged. *Peterson v. Jacobson*, 2 Ariz.App. 593, 411 P.2d 31 (1966). The test in Arizona for determining whether one offense is a lesser included of a greater offense is whether the greater offense is one that cannot be committed without necessarily committing the lesser. *State v. Westbrook*, 79 Ariz. 116, 285 P.2d 161 (1954). Under A.R.S. § 13–641 the elements of robbery are (1) the felonious taking of personal property in the possession of another from his person or immediate presence and (2) against his will, accomplished by means of force or fear. An aggravated assault or battery is defined in A.R.S. § 13–245(A) as follows:

"1. When the person committing the offense goes into a private home and is there guilty of assault or battery.

2. When committed by a person of robust health or strength upon one who is decrepit.

3. When committed by a person of eighteen years or more upon a child the age of fifteen years or under.

4. When the instrument or means used is such as to inflict disgrace upon the person assaulted, as an assault or battery with a whip or cowhide.

5. When a serious bodily injury is inflicted upon the person assaulted.

6. When committed with a premeditated design and by the use of means calculated to inflict great bodily injury.

7. When the person committing the offense knows or has reason to know that the victim is a peace officer, or a person summoned and directed by such officer while engaged in the execution of any official duties.

8. When the person committing the offense knows or has reason to know the victim is a teacher or other person employed in any school and such teacher or other employee is upon the grounds of a school or grounds adjacent thereto, or is in any part of a building used for school purposes.

9. When the person committing the offense knows or has reason to know the victim is an employee of the department of corrections acting in an official capacity and the person committing the assault is incarcerated in, or subject to the custody of personnel from, the state prison."

The indictment charged appellant with robbing Lucy Thomas and Charles Jones. It is clear that the crimes charged could be committed without necessarily committing aggravated assault. Therefore, aggravated assault was not a lesser included offense as to either robbery count.

■ This does not end our inquiry. A defendant can consent to an amendment of the charges under Rule 13.5(b) so as to charge him with an offense different from the one originally charged. *State v. Sims*, 114 Ariz. 292, 560 P.2d 810 (1977).

■ The record shows the following colloquy between the trial court and appellant's counsel after both sides had rested:

"THE COURT: The record may show that both sides waive argument of the case and submit the matter on the evidence before the Court.

Now, it's my understanding, maybe I gathered it from remarks that defense counsel has made, that you feel that the Court should consider a verdict of aggravated assault as a lesser included offense of the robbery counts, is that correct?

MR. GAMBLE: Well, your Honor, only upon certain conditions. I have not discussed—haven't had an opportunity to explore either with Mr. Anderson or the Court. I believe that in chambers it was my fault, and I think I thought and I verbalized my thought that the charges in this case could well have been some kind of assault, or that representation.

THE COURT: I guess that's where I gathered my inference from, that you were claiming that. See, if this were a regular jury trial of course we'd go settle the forms of verdict that would be proposed to the jury.

MR. GAMBLE: Right, I understand.

THE COURT: So I was wondering whether or not if this had been at this stage before a jury, if you would be requesting in addition to the guilty of the robbery charges and guilty of the theft of the automobile charge, and the not guilty charge, if you'd also be requesting the jury, that there be submitted to the jury as a lesser included offense in Counts One and Two, aggravated assault verdicts?

MR. GAMBLE: Well, your Honor, quite candidly, I say this quite candidly, I wasn't of the opinion, has not been my opinion, that aggravated assault was a lesser included offense in the general allegation of robbery. It could well be, but it had not been my view of the law as the law is drawn. But I hadn't discussed it

with Your Honor or with Mr. Anderson [the prosecutor].

THE COURT: Maybe the easier thing to do would be just like if it was a jury case, that we'll go into chambers and discuss what forms of verdict should be made available to the trier of fact.

MR. GAMBLE: I would think so, your Honor.

THE COURT: Why don't we take about a five minute recess and do that then."

The record shows that a brief recess was then taken. Appellant was not present in the chambers during this recess.

The court, after reconvening with appellant present, stated:

"THE COURT: . . .

Now, it's my understanding that insofar as the possible forms of verdict is concerned the defense counsel wishes to request that the trier of fact also consider as to Counts One and Two a verdict of aggravated assault, a lesser included offense.

MR. GAMBLE: That is correct, your Honor.

THE COURT: Then the Court record may show that the Court as the trier of fact, having considered the law and the evidence, it's the verdict of the Court that as to Count One, the defendant is guilty of the crime of aggravated assault, a lesser included offense. And as to County (sic) Two, the verdict is that the defendant is guilty of aggravated assault as a lesser included offense."

Since the trial record was unclear as to whether appellant consented to an amendment of the indictment, we revested jurisdiction in the superior court and ordered a hearing to be held for the purpose of determining whether appellant consented to an amendment to the indictment so as to justify a conviction for aggravated assault.

Appellant's trial counsel testified at the hearing that after the discussion in chambers with the judge he was persuaded that aggravated assault could be a lesser included offense of the robbery charges. And

prior to the court reconvening he had a brief discussion with his client:

"I discussed very briefly with Mr. Sanders the fact that the Court as the trier of fact was considering a finding of a lesser crime, lesser included offense of aggravated assault. I believe I very hurriedly told Mr. Sanders. Mr. Sanders, of course, objected. He felt that the evidence showed that he hadn't committed robbery, and hadn't committed the other crimes charged. And he was quite verbal himself. And I am not too sure he listened to me very accurately, but I told him that the Court, as the trier of fact in the case, had the right and the authority to consider lesser included crimes."

At the conclusion of the hearing the trial court made the following findings:

"1. Defense attorney Albert Gamble told the appellant that he was going to ask the trial Court to consider the crime of aggravated assault prior to the Court's finding the appellant guilty of the same.

2. The Court is unable to determine whether the appellant heard, knew and understood these matters that were told to the appellant by Mr. Gamble.

3. If the appellant did not know and understand these matters, it was because he was not listening to his attorney at the time his attorney advised him.

As to the issue of whether or not the appellant consented to the trial Court's consideration of said crime,

THE COURT FINDS as follows:

1. The Court is unable to find any facts which would indicate consent of the Defendant at the time except the failure of the Defendant to voice any objection to the trial Court's consideration of said crime, when so stated in open Court. . . ."

This case is unlike *State v. Sims*, supra. There the record disclosed that the "amendment" was pursuant to a stipulation to

which the defendant had agreed. Nor is the situation here like *State v. Fuentes*, 12 Ariz.App. 48, 467 P.2d 760 (1970) where a motion to amend was made by the State and the defendant, by entering a guilty plea to the amended charge, gave his consent to the amendment.

Neither do we have here the situation that occurred in *State v. Estrada*, 27 Ariz. App. 183, 552 P.2d 772 (1976) where there was not the slightest suggestion in the record that the appellant knew, at the time of the submission of the case, that the court would consider any crimes other than the crime charged or crimes included within it. While the record discloses that appellant's lawyer consented to a consideration of offenses other than those charged in the indictment, we believe that this is one of those instances when it must be shown that the defendant himself consented to the amendment. We are dealing with a fundamental element of due process. *State v. Branch*, 108 Ariz. 351, 498 P.2d 218 (1972). It is therefore not too much to ask that the defendant be apprised of what is occurring and that his consent be secured.

Both trial counsel and the trial court thought they were dealing with a lesser included offense. So did the appellant. His silence cannot be construed, under these circumstances, as consent to an amendment of the indictment.

The convictions and sentences are vacated and set aside, and the indictment is dismissed without prejudice to the state to try appellant for aggravated assault and battery.

HATHAWAY and RICHMOND, JJ., concur.