615 P.2d 645

STATE of Arizona, Plaintiff-Appellee,

v.

Marshall Harrison WILSON,
Defendant-Appellant.

Nos. 1 CA–CR 3898, 1 CA–CR 3899.

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 5, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for plaintiff-appellee.

Mahoney & Rood by Stephen M. R. Rempe, Phoenix, for defendant-appellant.

## OPINION

HAIRE, Judge.

Marshall Harrison Wilson and Nicholas William Sotello were charged by information in May of 1978 with possession of stolen property in violation of A.R.S. §§ 13–621, 13–1645, 13–1647, 13–138, 13–139, and 13–140.[1] In June of 1978 an indictment was filed charging Wilson and Charles Wayne Overton with three counts, including (1) sale of stolen property in violation of A.R.S. §§ 13–621, 13–1645, 13–138, 13–139, 13–140, (2) motor vehicle theft in violation of A.R.S. §§ 13–672 B, 13–1645, 13–138, 13–139, 13–140 and (3) sale of stolen property.[2] In Cause No. CR–102025, Wilson pled guilty to a charge of second degree conspiracy to possess stolen property (open end) pursuant to the terms of a written plea agreement. A.R.S. § 13–331 B. In Cause No. CR–102390 Wilson pled guilty to all three counts, pursuant to a written plea agreement which provided that another pending charge of motorcycle theft would be dismissed at the time of sentencing.[3] Following the entry of judgment of guilt in both cases, Wilson was sentenced on the same date as follows: in Cause No. CR–102025, the offense was designated a felony and he received a sentence of three to four

1. Maricopa County Cause No. CR–102025.

2. Maricopa County Cause No. CR–102390.

3. Maricopa County Cause No. CR–102472.

years imprisonment; in Cause No. CR–102390, he received a sentence of four to five hears imprisonment on each count. All the sentences assessed in Cause Nos. CR–102025 and CR–102390 were ordered to run concurrently with each other, and Cause No. CR–102472 was dismissed with prejudice. Wilson appeals from the judgments of conviction and sentences imposed in both cases. A.R.S. §§ 13–4031, 13–4033. The appeals were consolidated at appellant's request.

■ Appellant first contends that he was incorrectly informed, at the time he entered his plea of guilty in Cause No. CR–102390, of the maximum possible sentence which could be imposed upon him. It is clear that our rules require that a criminal defendant be advised of the "consequences" of entering a plea of guilty to any crime charged. Rule 17.2(b), Arizona Rules of Criminal Procedure, provides:

"Rule 17.2 Duty of court to advise defendant of his rights and of the consequences of pleading guilty or no contest

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

\* \* \* \* \* \*

"b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;"

In this case, the trial court correctly informed appellant that he could receive a maximum possible term of imprisonment of five years on each count to which he entered a plea of guilty. A.R.S. §§ 13–672 B, 13–1645, 13–1647. However, the record does not disclose that the trial court advised appellant that he could receive a fifteen year term if all sentences were ordered to run consecutively rather than concurrently. Appellant does not allege that he in fact did not understand the possibility of consecutive sentences, but rather, complains only that the trial court failed to inform him of

this possibility at the time of the entry of his plea. As stated previously, all sentences were ordered to run concurrently. Therefore, even if it is assumed that appellant did not know that the sentences could be consecutive, the concurrent sentences actually imposed did not contain any provision of which he was not aware. As a result, if there was technical error, it did not prejudice appellant, and does not require reversal. *State v. Ellis*, 117 Ariz. 329, 572 P.2d 791 (1977).

■ Appellant next alleges that the trial court erred in failing to state that it had considered all of the appellant's presentence incarceration time prior to sentencing him as it did. Rule 26.10, Arizona Rules of Criminal Procedure, provides, in pertinent part:

"Rule 26.10 Pronouncement of judgment and sentence

\* \* \* \* \* \*

"b. Pronouncement of Sentence. The court shall:

\* \* \* \* \* \*

"(2) State that it has considered the time the defendant has spent in custody on the present charge;"

As to Cause No. CR–102025, the record reveals that the court stated it had considered three days incarceration, but it gave appellant no credit for such time. As to Cause No. CR–102390, the court neither stated that it had given consideration to the presentence incarceration nor gave appellant credit for any such time. However, there is a more fundamental problem than the violation of Rule 26.10(b). Appellant clearly was sentenced to a maximum term for each charge of which he was convicted. A.R.S. §§ 13–672 B, 13–1645, 13–1647, 13–621 A. Therefore, he was absolutely entitled to credit for presentence incarceration, even though his sentences were ordered to run concurrently. *State v. Hadley*, 114 Ariz. 86, 88, 559 P.2d 206, 208 (App.1977). We would modify appellant's sentences to reflect credit for presentence incarceration, were it possible to determine from the record before this Court what the correct

amount of credit should be. *See State v. Warde,* 116 Ariz. 598, 570 P.2d 766 (1977). However, the record before us is unclear as to the exact amount of time appellant spent incarcerated on each charge, and therefore this matter must be remanded for resentencing, to enable the trial court to make that determination and credit appellant's sentence accordingly. *State v. Hadley, supra.*

Appellant next alleges that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea in Cause No. CR–102025. The record reflects that eleven days after the trial court accepted his plea, appellant filed a motion to withdraw it based upon the fact that at the time of the offense he in fact did not know that the property was stolen, and at the time of his plea he did not realize that such knowledge was an element of the crime. The motion was denied by the trial court after argument.

Rule 17.5, Arizona Rules of Criminal Procedure, provides:

"Rule 17.5   Withdrawal of plea

"The court, *in its discretion,* may allow withdrawal of a plea of guilty or no contest *when necessary to correct a manifest injustice.* Upon withdrawal, the charges against the defendant as they existed before any amendment, reduction or dismissal made as part of a plea agreement, shall be reinstated automatically." (Emphasis added).

Thus, it has been held that where there is any showing that justice will be served thereby, this rule should be liberally applied, with doubts resolved in favor of allowing the defendant's withdrawal of his plea. *State v. Corvelo,* 91 Ariz. 52, 369 P.2d 903 (1962). However, in the absence of a clear abuse of the trial court's discretion its ruling in this regard will not be disturbed. *State v. Ellison,* 111 Ariz. 167, 526 P.2d 706 (1974). In the instant case, the record clearly reflects, contrary to appellant's assertion, that he did state on several occasions, at the time of entering his plea of guilty, that he knew the property was stolen. Therefore, we are unable to say that

the trial court abused its discretion and refused to correct a manifest injustice. *State v. Ellison, supra.*

Finally, appellant contends that the state's failure to file an amended information in Cause No. CR–102025 resulted in him being convicted of a crime, by a plea of guilty with which he was never charged. The record reveals that appellant is correct that an amended information per se was never filed herein. However, the written plea agreement, pursuant to which appellant entered his plea of guilty, provides in pertinent part:

"4. This agreement, unless rejected or withdrawn, or reversed upon appeal by defendant, serves to amend the complaint, indictment, or information, to charge the offense to which the defendant pleads, *without the filing of any additional pleading.* If the plea is rejected or withdrawn, or if the conviction is reversed upon an appeal by the defendant, the original charges and any charges that are dismissed by reason of this plea agreement are automatically reinstated." (Emphasis added).

The plea agreement was signed by defendant and his counsel and each paragraph, including the one set forth hereinabove, was initialled by appellant. Appellant stated that he was familiar with the agreement and understood its terms at the time he entered his plea of guilty. The agreement sets forth the offense to which appellant agreed to plead, with the correct statutory citations, as follows:

"Plea: The defendant agrees to plead guilty to: Conspiracy in the second degree to possess stolen property, an open ended offense in violation of A.R.S. Sec. 13–331(B), 13–621, 13–138, 13–139, 13–140."

The trial court's minute entry relative to the proceeding indicates that appellant did in fact plead guilty to the charge as specified in the plea agreement.

It is basic that a person cannot be convicted of an offense not charged against him by indictment or information. Ariz.Const. Art. II, § 30. Thus, Rule 13.-

5(b), Arizona Rules of Criminal Procedure, provides in pertinent part:

"Rule 13.5 Amendment of the charges; defects in the charging document ·

\* \* \* \* \* \*

"b. altering the Charges; Amendment to Conform to the Evidence. The preliminary hearing or grand jury indictment limits the trial to the specific charge or charges stated in the magistrate's order or grand jury indictment. The charge may be amended only to correct mistakes of fact or remedy formal or technical defects, *unless the defendant consents to the amendment.* The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding." (Emphasis added).

The purpose of an information is to give notice of the charges brought and serve as a record to prevent double jeopardy. *State v. Superior Court of Pima County,* 7 Ariz.App. 170, 436 P.2d 948 (1968). An accused may be convicted of an offense different from that with which he was originally charged only if it is included in the offense charged, or if he consents to an amendment of the charges. *State v. Sanders,* 115 Ariz. 289, 564 P.2d 1256 (App.1977). In this case, the charge to which appellant entered his plea, second degree conspiracy to possess stolen property, is not a lesser included offense of the original charge of possession of stolen property. *See State v. Estrada,* 27 Ariz. App. 183, 552 P.2d 772 (1976); *State v. Sanders, supra.* However, as we have noted above, an accused may consent to such an amendment. *State v. Sanders, supra; State v. Rogers,* 113 Ariz. 6, 545 P.2d 930 (1976). Thus, it has been held that where an oral motion by the state to amend the criminal charges is granted with no objection by the accused, and the amendment was entered in the trial court's minutes, the amendment was sufficient without filing of a further charging document. *State v. Fuentes,* 12 Ariz.App. 48, 467 P.2d 760 (1970). We think the result is the same where a written plea agreement expressly provides that such agreement shall serve as an amendment to the information, where the defendant has not argued that he did not understand the agreement and where there is no evidence in the record to sustain such an argument. *See State v. Sims,* 114 Ariz. 292, 560 P.2d 810 (App.1977); *State v. Gil,* 27 Ariz.App. 190, 552 P.2d 1205 (1976).

In this case, appellant was aware of the new charge to which he was pleading. This is evidenced by the signed plea agreement, his admission that he had discussed the agreement with his attorney and the explanation given to him by the trial court at the September 15, 1978 hearing. A factual basis for the amended charge was clearly established. The written plea agreement and the trial court's minute entry precludes any possibility of double jeopardy. *State v. Superior Court of Pima County, supra.* Under these circumstances, we hold that be entering into and carrying out the terms of the written plea agreement, appellant consented to the amendment of the charge against him without the filing of a further charging document. We find no error.

The judgments of conviction are affirmed. The sentences are vacated and the matter is remanded to the trial court for a hearing to determine the exact amount of presentence incarceration time to which appellant is entitled, and for resentencing in accordance with that determination.

EUBANK, P. J., and O'CONNOR, J., concur.