650 P.2d 1258

**STATE of Arizona, Appellee,**

v.

**Danny E. RYBOLT, Appellant.**

**No. 1 CA–CR 5340.**

Court of Appeals of Arizona, Division 1, Department A.

June 29, 1982.

Rehearing Denied Aug. 3, 1982.

Review Denied Sept. 14, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Atmore L. Baggot, Phoenix, for appellant.

## OPINION

CORCORAN, Judge.

Danny E. Rybolt was charged in a seven-count indictment with four offenses against Victim One, including first degree burglary, armed robbery, sexual assault (intercourse), and sexual assault (oral sexual contact) and with three offenses against Victim Two, including first degree burglary, sexual assault (oral sexual contact) and sexual assault (intercourse). The offenses against Victim One occurred in the morning hours of March 5, 1980, and the offenses against Victim Two occurred in the evening hours of March 5, 1980. Prior to trial, the prosecutor filed an "Allegation of Prior or Repetitive Conviction." Any convictions which were to arise from Counts 1 through 4 were charged as prior convictions for sentencing purposes as to Counts 5 through 7, and conversely, any convictions to arise from Counts 5 through 7 were charged as prior convictions for sentencing purposes as to Counts 1 through 4. At trial, the state suffered a directed verdict on the armed robbery charge (Count 2). Rybolt was found guilty on all other counts. Following entry of judgment of guilt, he was sentenced to a term of 28 years' imprisonment on each count, all terms to run consecutively. We have jurisdiction of his appeal from the judgments of conviction and the sentences. A.R.S. §§ 12–120.21(A)(1), 13–4031 and 13–4033. We affirm the convictions and sentences.

At trial, Victim One testified that she had returned home from taking her younger daughter to school at approximately 9:00 a. m. Appellant entered her home, held a knife to her back and threatened to stab her with it. He tied her in a spread-eagle fashion to the bed and sexually assaulted her by fondling her breasts and vagina, attempting to force a package of refrigerated cookie dough into her vagina, and twice forcing her to perform fellatio upon him. The victim described appellant's manner as deliberate, calm and collected as he methodically committed the offenses. Before leaving, he told her, "Now you know what it's like to be afraid."

On the same day at approximately 8:30 p. m. appellant forced his way into the home of Victim Two. He held a knife to her throat and back and tied her in a similar fashion while he threatened her. He cut her dress off with the knife. After fondling her breasts, he raped and sodomized her and forced her to submit to cunnilingus and fellatio. While he was standing over the victim, holding a ketchup bottle in his hand and pouring ketchup on her back, her roommate arrived home. A scuffle occurred between them and appellant fled on foot. His fingerprints were found on a knife in one house and on a cup in the other house.

Appellant first contends that the trial court impermissibly modified the indictment in its instructions to the jury. First, with regard to the oral sexual contact counts, he argues that the trial court did not require a jury finding of oral sexual contact by giving the following general instruction:

In order to find the defendant guilty of sexual assault, there must be proof of the following things: One, the defendant intentionally or knowingly had oral contact with the vulva or anus of another person without the other person's consent, or the defendant intentionally or knowingly penetrated the vulva or anus of another person with a part of his body or an

object without the other person's consent, or the defendant intentionally or knowingly masturbated the vulva of another person without the other person's consent, or the defendant intentionally or knowingly required another person to have oral contact with his penis without the other person's consent; and, two, the other person was not legally married to the defendant.

His argument continues that since the trial judge did not require the jury to make any finding of oral sexual contact with either of the alleged victims, the jury could have returned its verdicts of guilt on those counts simply upon a finding of masturbation, or penetration with a part of the body or with an object. Thus, since neither masturbation nor penetration was charged in those counts, the trial court's instructions broadened the charge. Secondly, he argues that the trial court's instructions do not require the jury to make any specific findings as to the victim of any count or to judge separately the crimes involving Victim One from the crimes involving Victim Two. Therefore, he was convicted without a jury finding on the specific charges of each count. We do not agree with these contentions.

■ We note that appellant made no objection to the sexual assault instruction or the forms of verdict. As a result, any error is not reversible unless it is fundamental. Rule 21.3(c), Rules of Criminal Procedure; *State v. Dippre,* 121 Ariz. 596, 592 P.2d 1252 (1979).

The trial court's instruction on sexual assault is based on the language of the statute. *See* A.R.S. § 13–1406. Most importantly, the court gave the jury eighteen verdict forms; the jury was authorized to find appellant not guilty on each of the six counts, guilty on each count as a non-dangerous offense, or guilty on each count as a dangerous offense. The verdicts returned by the jury clearly spell out their specific findings. The pertinent verdict forms returned by the jury are as follows:

Count I: [Street address. Victim One]

We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant guilty of Burglary, 1st degree, while armed with a knife, a dangerous offense.

Count III: [Victim One]

We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant guilty of Sexual Assault on [Victim One] by engaging in sexual intercourse while armed with a knife, a dangerous offense.

Count IV: [Victim One]

We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant guilty of Sexual Assault on [Victim One] by engaging in oral sexual contact, while armed with a knife, a dangerous offense.

Count V: [Street address. Victim Two]

We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant guilty of Burglary 1st degree, while armed with a knife, a dangerous offense.

Count VI: [Victim Two]

We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant guilty of Sexual Assault on [Victim Two] by engaging in oral sexual contact, while armed with a knife, a dangerous offense.

Count VII: [Victim Two]

We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant guilty of Sexual Assault on [Victim Two] by engaging in sexual intercourse, while armed with a knife, a dangerous offense.

Each form of verdict set forth the actual names of Victim One and Victim Two. In addition, the forms relating to Counts I and V, the burglary counts, set forth the street addresses of each one where the burglaries were alleged to have occurred.

■ Rule 13.5(b), Rules of Criminal Procedure provides:

**Altering the Charges; Amendment to Conform to the Evidence.** The preliminary hearing or grand jury indictment limits the trial to the specific charge or charges stated in the magistrate's order

or grand jury indictment. The charge may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the defendant consents to the amendment. The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding.

*See also* Ariz.Const. art. 2, § 30. The trial court may not amend an indictment to charge new and different "matters of substance" without the concurrence of the grand jury. *State v. Kelly,* 123 Ariz. 24, 26, 597 P.2d 177, 179 (1979). An accused may be convicted of an offense different from that with which he was originally charged only if it is included in the offense charged, or if he consents to an amendment of the charges. *State v. Wilson,* 126 Ariz. 348, 615 P.2d 645 (App.1980). Such consent cannot be inferred from a defendant's silence. *State v. Sanders,* 115 Ariz. 289, 564 P.2d 1256 (App.1977).

■ In the instant case, we are unable to see how the trial court could be held to have amended the original charges. The general instructions were on the elements of the crime, and followed the statutory language. The forms of verdict conformed to the original charges in the indictment. First, they did not permit a finding of guilt based on misconduct other than that charged. For this reason, authorities cited by appellant are distinguishable. Second, they did require the jury to separately judge the crimes against each individual victim. The instructions as a whole, read together with the forms of verdict, indicate that the original indictment was not amended. We find no error.

■ Appellant next contends that under A.R.S. § 13–604, a subsequent offense cannot be utilized to enhance punishment for a prior offense; it was thus improper for the state to charge the evening offenses as prior convictions for enhancing punishment of the morning offenses; and while a *conviction* on another crime need not precede the crime being enhanced, the crime itself must have been committed before the crime being enhanced. Again, we do not agree.

A.R.S. § 13–604(H) reads:

Dangerous and repetitive offenders

. . . .

H. Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.

The legislative comment to § 13–604(H) (formerly § 13–703(F) in the draft) states:

The code seeks to strengthen the sanctions of the criminal justice "system" by isolating the dangerous and repetitive criminal for longer periods of incarceration.

Arizona Criminal Code Commission, Arizona Revised Criminal Code § 703, at 96 (1975). However, to accept appellant's argument would be to interpret § 13–604 as a recidivist statute, contrary to the interpretation of our supreme court:

§ 13–604 is not a true recidivist statute as that term is commonly understood. Recidivist statutes have usually been construed to mean that the defendant must have been convicted of the crime before the second crime was committed in order for the statute to apply. See Annotation, 24 A.L.R.2d 1247. The purpose of such recidivist statutes is to deter crime by serving as a warning to first offenders and to encourage their reformation. Our state legislature has clearly indicated that it was concerned not only with deterring the commission of crime, *but also with punishing the persistent or repetitive offender regardless of when the defendant committed the other offense.*

*State v. Hannah,* 126 Ariz. 575, 576, 617 P.2d 527, 528 (1980) (emphasis added).

Further, § 13–604(H), specifically authorizes the use of one conviction as a "prior" to enhance punishment on another conviction stemming from the same trial. *Davis v. Superior Court,* 126 Ariz. 568, 617 P.2d 520 (1980). The only limitation contained in § 13–604(H) is that "spree" offenses, i.e., those committed on the same occasion or substantially contemporaneously, may not

be used as enhancement for each other. Finally, we note that it has always been proper to consider a defendant's character, as evidenced by his conduct occurring between the date of the crime and the date of sentencing, in the sentencing process. *See, e.g., State v. Steelman,* 126 Ariz. 19, 612 P.2d 475 (1980). Appellant's argument is without merit.

Appellant's third argument is that where an offense contains its own provisions for a specific enhancement of punishment (i.e., for use of a deadly weapon), there can be no "multiple enhancement" by application of the general enhancement statute. In this case, appellant argues that he has been punished three times for the single act of committing a burglary while armed with a deadly weapon: one, under A.R.S. § 13–1508, the burglary was elevated from a class 3 to a class 2 felony; two, the sentencing judge imposed three times the authorized sentence under the general enhancement statute, A.R.S. § 13–604(G); and three, under A.R.S. § 13–702(D)(2) the use of the knife was an aggravating factor which resulted in both "extended and consecutive" sentences. He argues that this multiple punishment for a single act is violative of A.R.S. § 13–116 [1] and the prohibition against double jeopardy.

These specific arguments have already been rejected by our supreme court in *State v. Bly,* 127 Ariz. 370, 621 P.2d 279 (1980), and we have no authority to rule on them further. *See also State v. Rodriguez,* 126 Ariz. 104, 612 P.2d 1067 (App.1980).

■ Appellant next contends that his convictions for burglary (two counts) and sexual assault (four counts) violate the double punishment statute, A.R.S. § 13–116. He argues that the common evidence of intent to commit sexual assault is an essential component of both the burglary and the sexual assault convictions. In reviewing this contention, the "identical elements" test must be applied to claimed violations of

§ 13–116: we must eliminate the facts supporting one charge and determine whether sufficient facts remain to support the other charge. *State v. Cruz,* 127 Ariz. 33, 617 P.2d 1149 (1980).

In the instant case, the various states of mind which underlay appellant's actions during the time of the offenses are discrete and distinguishable. First, when he entered or remained in the residences with the intent to commit theft or any felony (e.g., sexual assault) therein, he was responsible for the burglaries. A.R.S. § 13–1508. Second, when he *thereafter* intentionally or knowingly engaged in non-consensual sexual intercourse or oral sexual contact with the victims, he was responsible for sexual assault. A.R.S. § 13–1406. We find no violation of A.R.S. § 13–116.

Finally, appellant contends that the trial court's remark that the record could reflect the identification of the defendant was a comment on the evidence. During the testimony of Victim Two, the following transpired:

Q The person that was with you and came into your house that day, is that person in the courtroom today?

A Yes, he is.

Q What's he wearing?

A He's wearing a brown shirt open at the collar. I can't see his pants.

Q Where is he seated?

A He's seated next to Mr. Shaw, the defense attorney.

MR. JONES: May the record reflect the identification, Your Honor?

THE COURT: The record shall so reflect.

Our state constitution provides:

Judges shall not charge juries with respect to matters of fact, *nor comment thereon,* but shall declare the law. . . .

Ariz.Const. art. 6, § 27 (emphasis added).

■ In order to comment on the evidence, "the court must express an *opinion*

---

1. § 13–116. Double punishment

An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent.

An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, to the extent the constitution of the United States or of this state require.

as to what the evidence proves." *State v. Barnes,* 124 Ariz. 586, 590, 606 P.2d 802, 806 (1980) (emphasis in original). In the instant case, the trial court did not state any opinion, but simply stated for the record a fact which had occurred at trial, i.e., that the witness had referred to a particular individual in the courtroom. This was not a comment on the evidence. *State v. McMurry,* 20 Ariz.App. 415, 513 P.2d 953 (1973).

Having found no error, the judgments of conviction and the sentences are affirmed.

OGG, P. J., and FROEB, J., concur.